J-S59038-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :     IN THE SUPERIOR COURT OF
                               :             PENNSYLVANIA
          Appellee       :
                               :
            v.               :
                               :
TYLER EDWARD WILLIAMS,       :
                               :
         Appellant      :     No. 1109 EDA 2014

Appeal from the Judgment of Sentence March 6, 2014
in the Court of Common Pleas of Wayne County,
Criminal Division at No(s): CP-64-CR-0000091-2013

BEFORE: SHOGAN, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:      **FILED SEPTEMBER 23, 2014**

Tyler Edward Williams (Appellant) appeals from the judgment of sentence that followed his open plea of guilty to one count of bad checks.[1] In addition, Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant the petition to withdraw.

The background underlying this matter can be summarized as follows.

> On April 18, 2013, [Appellant] entered a[n open] plea of guilty to one count of Bad Checks (M2). [Appellant] was ordered to appear for sentencing. On July 5, 2013, [Appellant] failed to appear for sentencing, and a bench warrant was issued. On March 6, 2014, [Appellant] was sentenced to eight (8) to twenty three and a half (23.5) months [of] incarceration. …

---

[1] 18 Pa.C.S. § 4105(a)(1).

* Retired Senior Judge assigned to the Superior Court.

Trial Court Opinion, 5/21/2014, at 1.[2]

On the same day he was sentenced, Appellant timely filed a counseled motion to modify his sentence. Soon thereafter, Appellant filed a *pro se* motion to modify his sentence. On March 18, 2013, the trial court entered an order denying Appellant's counseled motion to modify sentence. In a footnote, the court stated that, because Appellant's counsel of record timely filed a motion to modify Appellant's sentence, the court was not required to consider Appellant's *pro se* motion to modify his sentence. Trial Court Order, 3/18/2013, at n.1 (citing **Commonwealth v. Ellis**, 626 A.2d 1137 (Pa. 1993)).[3]

Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant filed a Pa.R.A.P. 1925(b) statement. Appellant's counsel subsequently filed a petition to withdraw his representation of Appellant and an **Anders** brief.

The following principles guide our review of this matter.

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

---

[2] The court ordered Appellant to serve this sentence concurrently to a sentence he already was serving in Luzerne County.

[3] In **Ellis**, our Supreme Court held that criminal defendants have no constitutional right to hybrid representation.

- 2 -

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720-21 (Pa. Super. 2007)

(citations omitted).

Our Supreme Court has clarified portions of the *Anders* procedure:

Accordingly, we hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

We find that counsel has complied substantially with the requirements

of *Anders* and *Santiago*. We, therefore, will undertake a review of the

appeal to determine if it is wholly frivolous.

In his **Anders** brief, counsel presents one issue that might arguably support the appeal, namely, "Did the trial court err as a matter of law by sentencing [Appellant] in the aggravated range of the Pennsylvania sentewncing [*sic*] guidelines, resulting in an excessive sentence?" **Anders** Brief at 4 (unnecessary capitalization and suggested answer omitted). This issue implicates the discretionary aspects of Appellant's sentence.

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Commonwealth v. Cook**, 941 A.2d 7, 11 (Pa. Super. 2007) (citations omitted).

As we noted above, Appellant timely filed his notice of appeal. Appellant did not object to his sentence during the sentencing hearing. However, his counsel timely filed a motion to modify his sentence.

In that motion, Appellant asserted that the minimum sentence he received is in the aggravated range of the sentencing guidelines. He further asserted that, "[a]s per Pennsylvania Sentencing Guidelines, the minimum for [Appellant's] sentence would have been RS-6 months." Motion to Modify Sentence, 3/6/2014, at ¶4. Appellant then asked the court to reduce his minimum sentence "to no more than a standard range sentence." **Id.** at ¶5.

In support of his request, Appellant highlighted several mitigating factors that he presented to the trial court at his sentencing hearing.

Thus, the only challenge to the discretionary aspects of his sentence that Appellant arguably preserved for appellate review is a claim that his sentence is excessive due to the trial court's failure to consider adequately the mitigating factors Appellant presented at sentencing. "[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation and quotation marks omitted). We see no reason to deviate from this general rule in this case.

After a review of the record, we conclude that the only issue Appellant preserved for appeal regarding the discretionary aspects of his sentence fails to raise a substantial question. Consequently, we agree with counsel that this appeal is wholly frivolous. For these reasons, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2014

- 5 -