J-S07028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN M. EASTON, | |
| Appellant | No. 1063 MDA 2014 |

Appeal from the Judgment of Sentence of May 23, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001921-2009

BEFORE:  BENDER, P.J.E., OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 06, 2015**

Appellant, Kevin M. Easton, appeals from the judgment of sentence entered on May 23, 2014 as made final by the denial of his post-sentence motion on June 12, 2014.  We affirm.

The factual background and procedural history of this case is as follows.  In January and March of 2009, Appellant sold drugs to an undercover police officer in Harrisburg.  On January 17, 2013, Appellant was charged via criminal information with two counts of delivery of a controlled substance and one count of possession with intent to deliver a controlled substance.[1]  That same day, he pled guilty to all three counts.  He was immediately sentenced to concurrent terms of 11½ to 23 months'

---

[1] 35 P.S. § 780-113(a)(30).

imprisonment at counts one and two and a consecutive term of five years' probation at count three.

On August 22, 2013, Appellant was arrested for selling cocaine in a school zone. On May 23, 2014, he pled guilty to those charges. ***See generally*** N.T., 5/23/14. That same day, a probation revocation hearing was held. The trial court found Appellant violated the terms of his probation, revoked that probation, and re-sentenced Appellant to 30 to 60 months' imprisonment at count three.[2] On June 2, 2014, Appellant filed a post-sentence motion. On June 12, 2014, the trial court denied Appellant's post-sentence motion. This timely appeal followed.[3]

Appellant presents one issue for our review:

Whether the trial court erred in denying Appellant's [p]ost-[s]entence [m]otion where his sentence is excessive and unreasonable where it exceeded what was necessary to vindicate the authority of the trial court and did not take into consideration the defendant's rehabilitative needs?

Appellant's Brief at 5.

---

[2] The trial court originally re-sentenced Appellant to 18 to 36 months' imprisonment. After it was brought to the trial court's attention that Appellant was entitled to credit for approximately 12 months he had spent in prison, the trial court vacated the sentence of 18 to 36 months' imprisonment and re-sentenced Appellant to 30 to 60 months' imprisonment.

[3] On June 26, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). ***See*** Pa.R.A.P. 1925(b). On June 30, 2014, Appellant filed his concise statement. On October 31, 2014, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

Appellant contends that the trial court abused its discretion in imposing an excessive sentence. This claim does not challenge the revocation of Appellant's probation. Rather, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013); *Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011). "[T]his [C]ourt's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

We note that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Clarke*, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P.

- 3 -

2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). Appellant filed a timely notice of appeal and the issue was properly preserved in a post-sentence motion. Appellant's brief also includes a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Thus, we turn to whether the appeal presents a substantial question.

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa. Code § 303.1(b); *Commonwealth v. Williams*, 69 A.3d 735, 741 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014).[4] Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." *Commonwealth v. Russell*, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

---

[4] Our General Assembly required that sentencing guidelines be promulgated for probation revocation proceedings. *See* 42 Pa.C.S.A. § 2154.4. The Pennsylvania Commission on Sentencing, however, has not yet complied with this mandate.

the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).  As we have explained:

The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

In his Rule 2119(f) statement, Appellant states that the trial court's sentence of 30 to 60 months' incarceration for a probation violation is manifestly excessive.  He contends that he was a good candidate for rehabilitation.  He also argues that the trial court failed to consider certain mitigating factors.  This Court recently held that an "excessive sentence claim in conjunction with an assertion that the [trial] court did not consider mitigating factors" raises a substantial question.  *Commonwealth v. Gonzalez*, 2015 WL 252446, *15 (Pa. Super. Jan. 21, 2015) (internal quotation marks, alteration, and citation omitted).  Accordingly, this case presents a substantial question and we will address the merits of Appellant's challenge to the discretionary aspects of his sentence.

We conclude that Appellant's challenge to the discretionary aspects of his sentence is without merit.  At the sentencing hearing, the probation

officer testified that "I found that [Appellant] is not a drug user, he is a drug seller. I don't believe there is an addiction problem here. I think it is more of a business, the way he lives his life." N.T., 5/23/14, at 10. This was confirmed by the fact that on the day of sentencing Appellant was being sentenced at four docket numbers. *See id.* In three of those cases, Appellant was on probation for the distribution of a controlled substance. Appellant chose to continue his drug selling enterprise while on probation in three cases which led to his eventual arrest and the drug dealing charges in the fourth case. Appellant's prior incarceration did nothing to convince him to rehabilitate his life and stop selling drugs. Therefore, Appellant's argument that he was a good candidate for rehabilitation is without merit.

Appellant relies upon the fact that he is a 31-year-old father of three children and had two previous jobs. Although Appellant may have held other jobs, he still dealt drugs for a living and must be sanctioned for doing so while on probation for previous drug dealing convictions.

The trial court also explicitly considered Appellant's rehabilitative needs. At the conclusion of the sentencing hearing, the trial court determined that it would make Appellant eligible for the recidivism risk reduction incentive ("RRRI"). Although Appellant had just pled guilty to dealing drugs in a school zone, and this was his fourth conviction for dealing drugs within the past five years, the trial court ordered that Appellant be RRRI eligible at the earliest opportunity permitted by statute. Thus,

Appellant's argument that the trial court failed to consider his rehabilitative needs is without merit.

The offense for which Appellant's probation was revoked was selling drugs at a playground. Children were playing in the playground while Appellant brazenly sold drugs. *See* N.T., 5/23/14, at 6. This crime put the children at risk. If Appellant or one of his clients accidentally dropped some cocaine, a child could have easily picked it up. Furthermore, drug dealing often leads to violence. The children could have been placed in the middle of drug-centered violence. The children also witnessed Appellant setting a bad example. Thus, the drug dealing that resulted in Appellant's probation being revoked was a serious offense and had a serious impact on the community.

Appellant has chosen to make a career out of selling drugs. He chose to continue this career while on probation for previous drug dealing convictions. Appellant had no respect for the authority of the trial court and his actions endanger innocent children. In order to protect the public the trial court reasonably held that a lengthy period of incarceration was warranted. Thus, we conclude that the trial court's sentence of 30 to 60 months' imprisonment was not an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/6/2015