J-S44024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL OLIVO | : | |
| | : | |
| Appellant | : | No. 2854 EDA 2017 |

Appeal from the Judgment of Sentence May 23, 2017
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0001511-2016

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED AUGUST 17, 2018**

Rafael Olivo (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of three counts each of endangering the welfare of a child (EWOC), conspiracy to commit EWOC, and simple assault, as well as two counts each of summary harassment.[1]  We affirm.

The child victims in this case are Appellant's three stepsons.[2]  The trial court summarized the evidence presented at trial as follows:

_____

[1] 18 Pa.C.S.A. §§ 4304, 903, 2701, 2709.

[2] Appellant's wife, Christine Nazario, was also charged and convicted of EWOC, conspiracy to commit EWOC and summary harassment in relation to the abuse of the boys, who are Ms. Nazario's biological sons.  Appellant and Ms. Nazario were tried jointly, and her separate appeal is before this Court at **_Commonwealth v. Nazario_**, 3495 EDA 2017.

At the time of the abuse, the children were ages twelve, nine, and seven. [Appellant] lived with the children and their mother, who also abused them. . . . [A]ll three of the children testified in open court and were cross-examined. Each child provided background information and testified about verbal and physical abuse and assaults he suffered at the hands of Appellant. Each child also testified about abuse and assaults perpetrated by [Appellant] on the child's siblings. The children, who knew the difference between being spanked for punishment and being abused, explained that at times they were hit as frequently as five to six times a week.

In summary, the testimony of the children established that, over an extended period of time, [Appellant] verbally, emotionally, and physically abused the children, hitting and beating them with belts, slippers, aerosol cans and fists – anything that came to hand. This included, but was by no means limited to, [Appellant] giving the children "cocotasos" – hitting them on the head with his knuckles. At times, the children sustained bruises, cuts or scrapes. They often experienced pain. On one occasion, [Appellant] shot the oldest child with a pellet or BB gun. On another occasion, the oldest child was hit so hard he could not open his jaw for several days. On yet another occasion, the middle child had the wind knocked out of him when [Appellant] punched him in the chest. In addition, [Appellant] called the children names and swore at them. Further, [Appellant] stood by while his wife, the children's mother, abused and assaulted them. Sometimes, [Appellant] and the children's mother were abusive toward the children together. On top of the physical, emotional, and verbal abuse, [Appellant] abused the family dog in the children's presence and, along with their mother, smoked marijuana in front of the children. For the most part, the abuse and assault perpetrated by [Appellant] (and their mother) happened in the home. The children were threatened and told there would be dire consequences if they told anyone about the abuse.

In addition to the testimony of the three children, Trooper Brian Borowicz, the affiant, and Lynn Courtright, the forensic interviewer who interviewed the children . . . testified briefly and generally as to statements the children made to Ms. Courtright when she interviewed them. The children's statements at trial were consistent with the statements they made to Ms. Courtright.

Trial Court Opinion, 11/13/17, at 8-10.

At the conclusion of trial on February 10, 2017, the jury convicted Appellant of the aforementioned crimes. On May 23, 2017, the trial court sentenced Appellant to an aggregate 79 to 158 months of incarceration, plus 90 days for the summary harassment convictions, followed by three years of probation. Appellant filed a post-sentence motion for reconsideration of sentence on June 1, 2017. The trial court convened a hearing on the motion on August 1, 2017, at the conclusion of which it denied the motion. Appellant filed this timely appeal. Both Appellant and the trial court have complied with Appellate Rule of Procedure 1925.[3]

Appellant presents two issues for our review:

I.  Whether the Lower Court abused its discretion at the time of Sentencing in this matter.

II. Whether the lower Court erred by admitting evidence under Pennsylvania's Tender Years statute despite the Commonwealth's clear violation of the notice requirement under the statute.

Appellant's Brief at 11.[4]

We address Appellant's issues in reverse order. With regard to his evidentiary claim, Appellant argues that the trial court erred by permitting the Commonwealth to present hearsay testimony under the Tender Years Act

---

[3] With the trial court's permission, Appellant filed his Rule 1925(b) concise statement *nunc pro tunc*. **See** Trial Court Opinion, 11/13/17, at 1.

[4] The Commonwealth has not filed a reply brief.

without providing Appellant with sufficient notice. Appellant asserts that the Commonwealth's written notice on February 7 – one day prior to the commencement of the jury trial – "was woefully deficient in both time and content." Appellant's Brief at 25. We begin our analysis with our standard of review:

> The standard of review governing evidentiary issues is settled. The decision to admit or exclude evidence is committed to the trial court's sound discretion, and evidentiary rulings will only be reversed upon a showing that a court abused that discretion. A finding of abuse of discretion may not be made "merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." **Commonwealth v. Laird**, 605 Pa. 137, 988 A.2d 618, 636 (2010) (citation and quotation marks omitted); **see also Commonwealth v. Sanchez**, 614 Pa. 1, 36 A.3d 24, 48 (2011). Matters within the trial court's discretion are reviewed on appeal under a deferential standard, and any such rulings or determinations will not be disturbed short of a finding that the trial court "committed a clear abuse of discretion or an error of law controlling the outcome of the case." **Commonwealth v. Chambers**, 602 Pa. 224, 980 A.2d 35, 50 (2009) (jury instructions)[ .]

**Commonwealth v. Koch**, 106 A.3d 705, 710–11 (Pa. 2014). This Court has specifically held that we will not reverse the trial court's decision to admit evidence pursuant to the Tender Years Act absent an abuse of discretion. **Commonwealth v. Curley**, 910 A.2d 692, 697 (Pa. Super. 2006), **appeal denied**, 927 A.2d 622 (Pa. 2007). Relevant to our analysis, as well as Appellant's three assault convictions, the Tender Years Act states:

> **(a)** **General rule.--**An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the

offenses enumerated in 18 Pa.C.S. Chs. 25 (relating to criminal homicide), 27 (relating to assault), 29 (relating to kidnapping), 31 (relating to sexual offenses), 35 (relating to burglary and other criminal intrusion) and 37 (relating to robbery), not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1)    the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2)    the child either:

(i)        testifies at the proceeding; or

(ii)       is unavailable as a witness.

. . .

**(b) Notice required.--**A statement otherwise admissible under subsection (a) shall not be received into evidence **unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding** at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement.

42 Pa.C.S.A. § 5985.1 (emphasis added).

There is no statutory or case law that defines "sufficient notice" under the Tender Years Act, and upon review of the record, we disagree with Appellant's contention that the trial court abused its discretion in admitting the hearsay statements of Trooper Borowicz and Ms. Courtright because the Commonwealth's notice was "woefully deficient both in time and content." Appellant's Brief at 25. The record does not support that assertion.

The trial court explained that oral notice preceded the Commonwealth's written notice:

> While it is true that formal written notice [by the Commonwealth of its intention to admit the Tender Years hearsay] was not given [to Appellant] until [the day of jury selection], the assistant district attorney gave oral notice two weeks before trial. Given the facts of this case and what [Appellant] and his attorney knew prior to trial, we believe that the oral notice was given "sufficiently in advance of the proceeding at which the [Commonwealth] intended to offer the statement into evidence to provide [Appellant] with a fair opportunity to prepare to meet the statement" within the meaning of the [Tender Years Act]. *See* 42 Pa.C.S.A. §5985.1(b).

Trial Court Opinion, 11/13/17, at 19.

We further note the context in which hearsay testimony was admitted (or not admitted, as was the case with videos of interviews of the children conducted by Ms. Courtright and observed by Trooper Borowicz). The trial court stated:

> Here, all three abuse victims are children. All three were cross-examined by counsel for [Appellant] who tried to impeach them, point out inconsistencies, capitalize on their youth, and otherwise implied that they were not credible. Under these facts and the law summarized and applied in [*Commonwealth v.*] *Hunzer*, [868 A.2d 498 (Pa. Super. 2005), *appeal denied*, 880 A.2d 1237 (Pa. 2005)], the very brief testimony of Trooper Borowicz and Ms. Courtright which recounted prior consistent statements of the children, made at a date closer in time to the abuse, was clearly admissible.

*Id.* at 17-18.

Further, the trial court accurately described the content of the admitted hearsay testimony as follows:

[O]ver the objection of defense counsel, Trooper Borowicz testified, very briefly, as to what the children told Ms. Courtright during their CAC interviews. Similarly, during her testimony, Ms. Courtright testified, even more briefly and generally, about what the children told her. Ms. Courtright's trial testimony related almost exclusively to statements she recalled the children making about abuse the children suffered at the hands of their mother.

*Id.* at 15 (citations to notes of testimony omitted).

Given this record, we discern no abuse of discretion by the trial court. Appellant's evidentiary claim is without merit.

Appellant also argues that his sentence was excessive. He notes that the trial court sentenced him in the aggravated range on one count, and "ran the remainder of the charges consecutive" so that "the cumulative effect shocks the conscience given the relatively minor nature of Appellant's prior record, which had never resulted in any previous incarceration, and the lack of any evidence of lasting physical impairment of the victims." Appellant's Brief at 14.

Appellant challenges the discretionary aspects of his sentence. Our standard of review when considering discretionary aspects of sentencing claims is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or

- 7 -

arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Appellant has substantially complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction. We thus proceed to determine whether he has raised a substantial question. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. *Commonwealth v. Johnson*, 961 A.2d 877, 879 (Pa. Super. 2008), *appeal denied*, 968 A.3d 1280 (Pa. 2009).

Appellant argues that the court abused its discretion by sentencing him "in the aggravated range as to one count without sufficient reasons appearing of record." Appellant's Brief at 16. He states that "aggregating all the sentences[,] resulting in more than 6½ years of minimum incarceration, despite a lack of evidence of any lasting physical harm to the children, was contrary to the fundamental principles of the sentencing code, and constituted a manifest abuse of discretion." *Id.* We disagree.

Appellant concedes that the trial court "did outline at sentencing its reasons for sentencing Appellant in the aggravated range, including the fact that Appellant had multiple bench warrants issued in this case prior to trial, [but] none of those reasons include the actual physical harm occasioned upon the children." *Id.* at 19. However, Appellant contends that his sentence "shocks the conscience" because "[w]hile the child victims clearly described being subjected to intimidation and physically offensive living conditions, there was a dearth of evidence showing any physical harm as a result of Appellant's actions." *Id.* Appellant's allegation of error fails to raise a substantial

question that his sentence is not appropriate under the Sentencing Code. First, the record is unequivocal that Appellant inflicted physical abuse upon the children. To the extent Appellant characterizes the lack of "lasting physical harm" from his abuse of the children as a mitigating factor, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citation omitted).

Moreover, Appellant's concession that the trial court "did outline at sentencing its reasons for sentencing Appellant in the aggravated range" is an understatement. The trial court's extended commentary at sentencing spans 14 pages in which it details the evidence presented at trial, the pre-sentence investigation report, and the statutory factors and sentencing guidelines. *See* N.T., 5/23/17, at 12-26. The trial court referenced Appellant's prior record score and Appellant's "contempt for the process and the authority of the Court and the laws of Pennsylvania." *Id.* at 15. The court stated, "this case went way beyond anything that could even conceivably – even in the cosmic sense – be considered punishment or corporal punishment." *Id.* at 18.

Like this Court, the trial court opined that Appellant failed to raise a substantial question in support of his sentencing claim. Trial Court Opinion, 11/13/17, at 28. That conclusion notwithstanding, the trial court authored an exemplary analysis in which it applied prevailing law to the facts of this case.

*Id.* at 21-30.  Accordingly, upon review, we find Appellant's allegation of trial court error to be meritless.

Judgment of sentence affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: <u>8/17/2018</u>