J-S01018-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TERRY NEIL VANSKIVER | : | |
| | : | |
| Appellant | : | No. 1313 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 25, 2018
In the Court of Common Pleas of Tioga County Criminal Division at
No(s): CP-59-CR-0000118-2017

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 04, 2019**

Terry Neil Vanskiver (Appellant) appeals from the judgment of sentence imposed after he pled guilty to rape of a child, aggravated indecent assault, and endangering the welfare of a child.[1]  After careful review, we affirm.

The charges in this case arise from Appellant's rape and sexual abuse of his then-girlfriend's eight-year-old daughter.  A criminal complaint against Appellant was filed on February 17, 2017.  On March 16, 2018, Appellant appeared before the trial court and pled guilty to the above crimes.  That same day, the trial court ordered a pre-sentence investigation.

_____

[1]  18 Pa.C.S.A. §§ 3121(c), 3125(a)(7), and 4304(a)(1).

*Retired Senior Judge assigned to the Superior Court.

On June 25, 2018, Appellant was sentenced to 20 to 40 years of incarceration for rape of a child.[2] Appellant filed a timely post-sentence motion, which the trial court denied. Appellant filed this timely appeal on August 9, 2018. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents one issue for our review:

> DID THE SENTENCING COURT ERR IN SENTENCING THE [APPELLANT] TO THE STATUTORY LIMIT FOR THE OFFENSE OF RAPE OF A CHILD, EVEN THOUGH THE STATUTORY LIMIT FOR THAT OFFENSE IS ALWAYS ENCOMPASSED WITHIN THE STANDARD SENTENCING GUIDELINE RANGE, WHEN THE [APPELLANT] (1) HAD A MINIMAL PRIOR CRIMINAL RECORD, (2) WAS OF GOOD BEHAVIOR DURING THE PENDENCY OF THE CASE, (3) DID NOT EXHIBIT UNUSUAL CRUELTY OR SADISTIC BEHAVIOR IN THE COMMISSION OF THE CRIME, AND (4) WAS NOT FOUND BY THE PENNSYLVANIA SEXUAL OFFENDERS ASSESSMENT BOARD (SOAB) TO BE A SEXUALLY VIOLENT PREDATOR IN PART BECAUSE THE FACTORS ANALYZED BY SOAB SUGGESTED A LOW LIKELIHOOD OF RE-OFFENDING?

Appellant's Brief at 4.

In his sole issue, Appellant challenges the discretionary aspects of his sentence, averring that:

> [t]he sentence herein at the statutory limit of [] twenty (20) to forty (40) years for [Appellant] with a minimal prior record, who was of good behavior during the pendency of the case, who was noted by SOAB to have exhibited no unusual cruelty or sadistic behavior during the commission of the crime, and who was determined not [to] be a Sexually Violent Predator in part because of a low likelihood of reoffending, is manifestly unreasonable and should not be allowed to stand.

---

[2] For the purposes of sentencing, the remaining two counts merged with Appellant's rape of a child conviction.

Appellant's Brief at 10.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied*, 86 A.3d 231 (Pa. 2014). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Appellant has complied with the first three prongs of this test by raising his discretionary sentencing claims in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise

statement. *See* Appellant's Brief at 8-9. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant argues that the trial court imposed an excessive sentence where it failed to consider Appellant's criminal history, good behavior during the pendency of his case, and the findings of the Pennsylvania Sexual Offenders Assessment Board. Appellant's Brief at 10. This argument presents a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim--in conjunction with an assertion that the court failed to consider mitigating factors--raises a substantial question.") (citations omitted). We thus review Appellant's sentencing claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

> In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.*

This Court has also held, "[w]hen a sentencing court has reviewed a pre[-]sentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Baker*, 72 A.3d at 663 (citing *Commonwealth v. Fowler*, 893 A.2d 758, 767 (Pa. Super. 2006)). Additionally:

> [i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Fowler*, 893 A.2d at 767-68 (citing *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (some citations omitted).

At the June 25, 2018 hearing, the trial court acknowledged that it was in receipt of, and considered, the pre-sentence investigation report completed in anticipation of Appellant's sentencing. N.T., 6/25/18, at 1, 19. Before imposing Appellant's sentence, the trial court commented:

- 5 -

[I]t is my responsibility and my duty to fashion and impose sentences; and [Defense Counsel] has advanced, I think, the best and most logical arguments that one might advance on behalf of your circumstance. And as he notes, it is the responsibility of us, as professionals, to reflect upon the individual cases and to be governed by reason, by the law, and not necessarily by passion - certainly not by passion or some sense of vengeance. There are a couple of things that I would say to you at the outset. Obviously, this is - this is behavior which is not acceptable; it's a crime - and it is a very, very serious crime. And it is, I think, as life goes on and time advances, we appreciate more and more just what a serious crime this is. The impact - the lingering impact or trauma and the consequences that will be borne by this young lady throughout the course of her life.

This - there are - well, as [Defense Counsel] noted, there are certainly some circumstances regarding your ability to function, and an argument to be made that you have some, some recognition of the harm that you caused and recognized, and didn't go out of your way to inflict pain. We do have to understand, and the Court has to take into consideration, that this is an - this was an eight-year-old child. This is an eight-year-old child, whether she was either, nine, ten, twelve, she was a child, a young child, who was entrusted to you by, by a parent who was faced with a terrible crisis involving her other child. And this young lady, the victim, obviously, had some sort of relationship with you, viewed you favorably; I presume knew you, trusted you. Her mother trusted you, obviously, or the conditions that led to this would have never occurred or arisen. And that trust, the trust that this young lady has, and apparently everyone around her, is now shattered, and the effort to put that back together will be arduous for her and for all of those around her.

And while it is my responsibility to take into account information regarding your likelihood to recidivate and to contemplate, and reflect on your criminal history, which is taken into the guidelines, you nonetheless do have it. And it is my responsibility to also hold you accountable. And as [Defense Counsel] referenced, and I said earlier, these are all individual cases. They are individual, unique, and specific. They are fact driven. And frankly, this is a - this is a circumstance where I believe the accountability requires and is such that a sentence should be imposed that's going to incarcerate you in the State Correctional System for a very significant period of time. And I'm

going to stay in the standard range, but the reality is, this will not be at the bottom end of the standard range, but rather will be at the upper end. The standard range is the presumptive range, and in your case, and in the circumstances that you bring to the table, and that this case brings to the table, in fact, the maximum sentence allowed by law, is within the standard range, and that is what I believe is appropriate in this case.

*Id.* at 16-18.

In its opinion, the trial court further explained:

In [Appellant's] case he pled guilty to one count of [r]ape of a [c]hild, along with other charges that merged for sentencing purpose[s] under a negotiated plea. The charge stemmed from [Appellant's] rape, and additional sexual abuse, of his then paramour's eight year old daughter. The abuse began after the victim's brother was diagnosed with cancer. The victim's mother had to travel to Geisinger Medical Center in Danville for extended periods of time so her brother could receive the cancer treatment he needed. During mother's absence, [Appellant] was entrusted with the care of the victim. Instead of caring for her he sexually abused and raped her.

Prior to imposing sentence, the court, on the record, went over the sentencing guidelines with [Appellant] as prepared by the Tioga County Probation Department as part of its [p]re-[s]entence [i]nvestigation. [Appellant] had a prior record score of a two (2) for sentencing purposes and the charge of [r]ape of a [c]hild has an offense gravity score of fourteen (14). This resulted in standard range guidelines of ninety-six (96) months to two hundred forty (240) months. The mitigated range is eight[y]-four (84) months and there is no aggravated range as the statutory maximum sentence is encapsulated in the standard range. Neither the Defense nor the Commonwealth objected to these calculations.

After the court went over the sentencing guidelines, the Commonwealth called the victim's mother to the stand. She testified how the victim changed after the abuse. The victim went from an outgoing and loving child to one who is scared, untrusting, and depressed. The Assistant District Attorney also read a letter from the victim where she describes the abuse, specifically two occurrences where the [Appellant] raped her. The letter also

stated the [Appellant] threatened the victim that if she told anyone he would come back and kill her. The Commonwealth also submitted a letter from the victim's counselor.

The Defense argued for a sentence at the lower level of the sentencing guidelines range. In making this argument, [Defense Counsel] noted factors in [Appellant's] favor. These factors included [Appellant's] good behavior while released on bail in this case, the fact his prior record score is solely the result of a juvenile adjudication, [Appellant's] low risk of recidivism (as determined through the SOAB evaluation), [Appellant] taking responsibility for his crimes by pleading guilty, along with other reasons. [Appellant] also gave a brief statement saying he loved the victim and her brother, cared for them when the victim's brother was sick, and parented the children when their mother worked or was unavailable.

In handing down it[s] sentence[,] the court obviously considered the sentencing guidelines as it went over them on the record and noted the sentence was within the standard range of the guidelines. The court also considered [Defense Counsel's] arguments that [Appellant] deserved a sentence in the lower range of the guidelines. The court then noted, however, the victim was eight years old at the time of the rape and abuse, the victim's mother entrusted [Appellant] with caring for the victim during a time of family crisis, and the victim herself had a close relationship and trusted [Appellant]. The court took all of these factors into consideration in arriving at the sentence imposed on [Appellant]. The court looked at the individual circumstances of [Appellant] and the facts of the specific case in handing down its sentence and did not merely reflexively sentence [Appellant] to the statutory maximum sentence. In addition, the sentence imposed by the court is "consistent with the protection of the public, the gravity of the events as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the [Appellant]." 42 Pa.C.S.[A.] § 9721(b). As such, the sentence should be upheld.

Trial Court Opinion, 9/17/18, at unnumbered 3-5 (citations to notes of testimony omitted).

Based on our review of the record, particularly the notes of testimony from the sentencing hearing, we conclude that the trial court properly considered all relevant factors when imposing Appellant's sentence. In addition to reviewing Appellant's pre-sentence investigation report, the trial court considered all potential mitigating factors raised by Appellant. ***See*** N.T., 6/25/18, at 16 ("[Defense Counsel] has advanced, I think, the best and most logical arguments that one might advance on behalf of your circumstance."). Ultimately, and in its discretion, the trial court determined that Appellant's crimes necessitated a period of 20 to 40 years of incarceration. Accordingly, we discern no abuse of discretion by the trial court.

For the foregoing reasons, Appellant's sole issue is without merit, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/04/2019