J-A05045-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALE LEROY HANLIN | : | |
| | : | |
| Appellant | : | No. 698 WDA 2018 |

Appeal from the Judgment of Sentence April 4, 2018
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000568-2017

BEFORE: GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:               FILED FEBRUARY 04, 2019

Dale Leroy Hanlin (Appellant) appeals from the judgment of sentence imposed after he pled guilty to corrupt organizations, conspiracy to commit possession with the intent to deliver, and two counts of possession with the intent to deliver.[1] We affirm.

The charges in this case arise from Appellant's involvement in the trafficking of crystal methamphetamine into multiple Pennsylvania counties from a source in Tucson, Arizona, via the United States Postal Service. Based upon the findings of a grand jury investigation, a criminal complaint against Appellant was filed on September 22, 2017. On February 20, 2018, Appellant appeared before the trial court and pled guilty to the above crimes.

_____

[1] 18 Pa.C.S.A. § 911(b)(3), 18 Pa.C.S.A. § 903(a)(1)/35 P.S. § 780-113(a)(30), and 35 P.S. § 780-113(a)(30).

On April 4, 2018, the trial court sentenced Appellant to an aggregate 8 to 17 years of incarceration. Appellant filed a timely post-sentence motion, which the trial court denied. Appellant filed this timely appeal on May 9, 2018. Both the trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents one issue for our review:

> I. WHETHER THE LOWER COURT ABUSED ITS DISCRETION BY IMPOSING A SENTENCE THAT IS UNREASONABLY EXCESSIVE AND DISPROPORTIONATE TO THE SEVERITY OF THE OFFENSES COMMITTED BECAUSE IT: FAILED TO ACCOUNT FOR THE REHABILITATIVE NEED OF APPELLANT; FAILED TO CONSIDER THE AMOUNT OF CONFINEMENT THAT IS CONSISTENT WITH THE PROTECTION OF THE PUBLIC; IS TANTAMOUNT TO A LIFE SENTENCE; AND FAILED TO PROPERLY CONSIDER MITIGATING FACTORS INCLUDING APPELLANT'S EXTENSIVE COOPERATION?

Appellant's Brief at 6.

In his sole issue, Appellant challenges the discretionary aspects of his sentence. He argues:

> The lower court's sentence of up to eighteen (18) years of incarceration is excessive, unreasonable and disproportionate. On his sentencing day [Appellant] was sixty-seven (67) years of age. Even though the lower court delivered below mitigated-range sentences for three of the four offenses to which [Appellant] tendered pleas of guilty (and one mitigated range sentence), because the lower court made each sentence consecutive to the other it handed down what is tantamount to a life sentence.
>
> The lower court failed to properly account for the rehabilitative needs of [Appellant] and merely focused on the serious nature of the crimes committed. The lower court failed to properly consider a significant mitigating factor, specifically [Appellant's] extensive cooperation with investigating law enforcement and prosecutors which was integral to the

Commonwealth's successful prosecution of [Appellant's co-defendants].

A sentence of less time in prison would not minimize the severity of the offenses committed by [Appellant]. A lesser sentence of incarceration would also comport with the sentencing code's goal for individualized sentencing which is consistent with the protection of the public and the rehabilitative needs for [Appellant].

Appellant's Brief at 13-14.

At the outset, we note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." Commonwealth v. Buterbaugh, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." Id. We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

Commonwealth v. Baker, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." Commonwealth v. Dodge, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of this test by raising his discretionary sentencing claim in a timely post-sentence motion, filing a timely notice of appeal, and including in his brief a Rule 2119(f) concise statement. See Appellant's Brief at 15-17. Therefore, we examine whether Appellant presents a substantial question.

Appellant argues that the trial court's sentence is excessive where it imposed consecutive sentences while failing to consider multiple mitigating factors. Appellant's Brief at 15-17. This argument presents a substantial question. See Commonwealth v. Swope, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citations omitted). We review Appellant's sentencing claim mindful of the following:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

Commonwealth v. Cook, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

Id.

Here, before imposing Appellant's sentence, the trial court commented at length:

I'm aware of your age from the trial and from the date that you pled. I'll tell you a story. As a trial judge, you get invited to these things, and every year, Villanova has a sentencing workshop, so they have judges. They have DA's. They have defense attorneys.

And everybody involved, you copy cases, you have the criminal information, and then you have to work through it and decide what your sentence is.

And I remember the first -- I did it twice, but most of these law students are twenty-three to twenty-five, and this one fact pattern on a defendant who was thirty-two, the law student gave him the maximum sentence.

And when I asked, why did you give him the maximum sentence, he said, well, he's thirty-two. There's no use -- you can't change anybody after they're that age.

And although I say that to be partially humorous, you're certainly the oldest defendant I've ever sentenced for a drug offense, which, on the one hand, is a mitigating factor. On the other hand, it's an aggravating factor.

And you've already served two and a half years of federal time for cocaine trafficking, and it sounds like, again, some of these things can go either way.

You were doing just fine until you fell off your truck, and you can blame this all on another doctor who prescribed you pain killers, which makes it mitigating, but also makes it aggravating, because you were out of this type of contact.

You were very forthcoming, both from what the officer said when you were caught and what I heard at trial.

You didn't hide anything. You made a very frank assessment to Mr. Taylor's cross-examination saying, yeah, I was pretty disgusting.

I mean, that was before he even got wound up on his cross. You just cut right to the chase and realized that -- where your life was, is mitigating, but how you got there is aggravating.

So I paid very close attention to your testimony because I knew we would be at this point after the trial one way or the other.

I mean, the line that you said which took Attorney Sheehan-Balchon by surprise was when you said, I suck as a drug dealer.

Now, I would say, to even more specifically define that, you sucked at the business end. You were very good at putting a lot of drugs in the community that some people may not have been that eager to use or may have been on the wagon, because you're ultimately going to try to push these drugs to make a living.

I think Kari Stoneberg probably had the most frank testimony about your situation when she said, well, I think [Appellant] got in with these young girls, they made him feel good, and it seems to me that's where most of your business product ended up with the free stuff you were giving away, you know, which ultimately led you to being cut off by the dealers above you and struggling, almost in a pathetic way, near the end of this wire to try to get somebody to give you meth, and you convinced the addicts you supplied that you could still get meth.

So I think I'm going to give you mitigated sentences in maybe even more than the mitigated range, but because you pled

to four offenses and because you admitted to essentially probably hundreds of offenses in your testimony, you know, when you talked about individual dealing in your text, I think that at least these four should be run consecutively.

\* \* \*

Now, even young people I sentence could have a terrible health problem, an accident, and be dead. That sentence is below your actuarial life, as an insurance company would rate it, so I would say it's not going to be a life sentence, but only you know.

I'm giving you those mitigated sentences because of your cooperation, but I do think they need to be sentenced one to the other. All of the other charges that were filed against you will be nol[le] prossed.

N.T., 4/4/18, at 11-14, 15-16 (emphasis added).

In its opinion, the trial court further explained:

Here, the [c]ourt ran [Appellant's] mitigated sentences consecutively such that his aggregated minimum was more than twice what he thought was "fair." It did so after plainly articulating its reasons, which reflected its consideration of both the relevant sentencing factors and the circumstances [Appellant] deemed to be mitigating. What it likewise reflected, and what seems to be the real cause of [Appellant's] dissatisfaction, is that he and the [c]ourt assigned different values to those factors. [Appellant], for instance, viewed his advanced age as cause for a lesser overall sentence. The [c]ourt, on the other hand, saw it as more of an aggravating factor, because while one typically finds an inverse relationship between age and criminality, [Appellant] defied conventional wisdom by embarking on a new criminal career in his twilight years.

As for [Appellant's] cooperation, the [c]ourt specifically accounted for it by mitigating his individual sentences. It did not further warrant concurrent sentences, however—not when the negative impact of his actions in facilitating and promoting the distribution of crystal methamphetamine in Jefferson County and surrounding areas was so nefarious and far-reaching.

In any event, the [c]ourt's decision to run [Appellant's] sentences consecutively was not the result of its failure to consider the mitigating circumstances, some of which were simultaneously aggravating, or relevant sentencing factors. The [c]ourt took account of each. It simply did not agree with [Appellant's] assessment of their respective values. That did not evidence an abuse of discretion, but a difference of opinion.

Trial Court Opinion, 9/11/18, at 1-2 (citations omitted).

Based on our review of the record, particularly the notes of testimony from the sentencing hearing, we conclude that the trial court properly considered the relevant factors when imposing Appellant's sentence. In fact, Appellant's assertions that the trial court failed to consider multiple mitigating factors is wholly unsupported by the record. The trial court specifically discussed Appellant's age and his cooperation in helping law enforcement prosecute other factions of his drug trafficking network. For example, the trial court cites Appellant's cooperation with law enforcement as the reason why it gave Appellant mitigated sentences at each count. See N.T., 4/4/18, at 16.

In sum, our review of the record reveals no error by the trial court in determining that Appellant's crimes warranted a sentence of 8 to 17 years of incarceration. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/4/2019