**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAYLA LYNETTE PIERCE | : | |
| | : | |
| Appellant | : | No. 1951 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 5, 2019
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0004874-2018

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED MAY 08, 2020**

Shayla Lynette Pierce (Appellant) appeals from the judgment of sentence imposed after she pled *nolo contendere* to two counts each of possession of a controlled substance with the intent to deliver (PWID), criminal conspiracy, and endangering the welfare of children.[1]  Upon review, we affirm.

On January 18, 2018, officers executed a search warrant at Appellant's residence, where Appellant was found with over a pound and a half of marijuana, more than two ounces of liquid phencyclidine (PCP) — and two minor children.  N.T., 9/23/19, at 4-5.

On September 23, 2019, Appellant pled *nolo contendere* to the above crimes.  The trial court deferred sentencing for the preparation of a pre-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. § 903, and 18 Pa.C.S.A. § 4304(a)(1).

sentence investigation (PSI) report. On November 5, 2019, the trial court sentenced Appellant to an aggregate one to three years of incarceration, followed by two years of probation.

Appellant filed a timely post-sentence motion, which the trial court denied on November 21, 2019. This timely appeal followed. Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents a single issue for review:

WHETHER THE COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO AN AGGREGATE SENTENCE OF ONE (1) TO THREE (3) YEARS OF INCARCERATION WHERE THE SENTENCE IS EXCESSIVE AND UNREASONABLE IN LIGHT OF APPELLANT'S MENTAL HEALTH ISSUES AND ROLE AS A MOTHER?

Appellant's Brief at 5.

Appellant challenges the discretionary aspects of her sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

Appellant has complied with the first three prongs of the test by raising her discretionary sentencing claim in a timely post-sentence motion, filing a timely notice of appeal, and including in her brief a Rule 2119(f) concise statement. *See* Appellant's Brief at 11-12. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant argues that her sentence is excessive, and asserts that the court did not adequately consider her "rehabilitative needs, mental health requirements, and role as a mother to four children[.]" Appellant's Brief at 12. Appellant's claim raises a substantial question. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citations omitted).

In reviewing Appellant's claim, we recognize:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or

committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The relevant portion of 42 Pa.C.S.A. § 9721(b) states:

In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . . In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

*Id.*

Additionally:

[i]n imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

*Commonwealth v. Fowler*, 893 A.2d 758, 767-68 (Pa. Super. 2006) (citing

*Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)).

At sentencing, the trial court addressed Appellant, explaining:

This is not about punishment. It's trying to find something that changes your behavior. I'm just not seeing anything taking you off the track that you've been on. And then to have these charges, which are extremely serious -- as I stated to your counsel, basically calling for State incarceration -- from the time of your plea to the time of the sentence, I'm not seeing any time that you've really changed anything. . . . And the evidence-based risk assessment puts you in what they call a moderate risk, which is probably because of your age. But if we don't do something, you're going to be spending the rest of your life as a career criminal and your children are going to be in and out of foster care until they turn 18. And is that how you want your children to be raised? . . . What I want to do is give you what it'll take to turn your life around, give you a chance to focus on what you have to do so that you can be a better mom so when you come home, you get your children, you keep your children, and raise them as a good mom. . . .

I gave you the chance when you were on supervision, because these same things that happened pending your sentencing, you were actually on probation for. . . . What I'm going to give you is the chance you need; it's not just in the form that you would like. . . . I'm going to do it in such a way that you have control as to the amount of time that you're going to have to deal with. You can go into this in a positive sort of way or it'll be a not-so-positive sort of way. . . .

And I'll try to minimize the minimum sentence that's going to be involved here to give you a chance to really get this squared away. All right? And, again, this is based upon the presentence investigation; the facts and circumstances that gave rise to these charges; and, again, not ignoring the fact that you didn't act alone. There was in our view someone far more culpable than you, but you were a willing participant. And as you stated, you seem to get excitement from being with dangerous men. That's what you can't afford when you have children. Those are your words in the presentence investigation, and that's why I think you need the opportunity to get yourself squared away.

N.T., 11/5/19, at 22-24.

The trial court subsequently opined:

- 5 -

> After reviewing Appellant's evidence-based Presentence Investigation and providing Appellant the opportunity to address the court at her sentencing hearing, this [c]ourt imposed an aggregate sentence of one to three years of incarceration at a state correctional institution, followed by two years of county probation. Said sentence is well within Appellant's sentencing guidelines. Additionally, this [c]ourt placed several reasons for imposing such a sentence on the record at the time of sentencing. Some of those reasons include Appellant's criminal history dating back to when she was a juvenile, her lack of insight and poor judgment, the misperception of her case within Dauphin County Children and Youth Services, and the fact that she engaged in criminal behaviors while on probation (on another docket) and pending sentencing on the instant docket. Accordingly, this [c]ourt did not abuse its discretion by imposing a one to three year sentence of incarceration.

Trial Court Opinion, 1/31/20, at 4.

Upon review, we discern no error. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011). Additionally, "[i]n those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* Here, in addition to reading and referencing the PSI report, the trial court specifically addressed Appellant's rehabilitative needs, the seriousness of her crimes, and the impact of Appellant's actions on her children.

In sum, the record does not support Appellant's claim that her sentence is excessive and unreasonable.

Judgment of sentence affirmed.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/08/2020</u>