J-S42020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PERRY WILLIAM SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 686 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 22, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000217-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PERRY SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 687 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 22, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001336-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PERRY W. SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 688 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 22, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001314-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PERRY SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 689 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 22, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0001232-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PERRY SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 690 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 22, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000892-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| PERRY W. SEMELSBERGER | : | |
| | : | |
| Appellant | : | No. 691 WDA 2022 |

Appeal from the Judgment of Sentence Entered March 22, 2022
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0000732-2020

J-S42020-22

BEFORE:   BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: JANUARY 10, 2023**

Appellant, Perry W. Semelsberger, appeals from the judgment of sentence entered on March 22, 2022, as made final by the denial of Appellant's post-sentence motion on April 27, 2022.  We affirm.

As the trial court ably explained:

> Between the dates of June 17 and October 2, 2020, Appellant engaged in a series of criminal acts of various nature[], including: criminal trespass, terroristic threats, theft by deception, [and] indecent assault. . . .  As a result, Appellant was charged at six separate case numbers.
>
> Appellant was charged at Case No. 732-2020 with one count of burglary — overnight accommodations[,] person present, 18 Pa.C.S.A. § 3052(a)(1)(ii), a felony of the first degree, one count of criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(ii), a felony of the second degree, and one count of disorderly conduct — hazardous/physical offense, 18 Pa.C.S.A. § 5503(a)(4), a misdemeanor of the third degree.
>
> Appellant was charged at Case No. 892-2020 with one count of theft by deception, 18 Pa.C.S.A. § 3922(a)(1), a misdemeanor of the first degree, one count of receiving stolen property, 18 Pa.C.S.A. § 3925(a), a misdemeanor of the first degree, one count of theft by unlawful taking — movable property, 18 Pa.C.S.A. § 3921(a), a misdemeanor of the first degree, one count of receiving stolen property, 18 Pa.C.S.A. § 3925(a), a misdemeanor of the third degree, and one count of disorderly conduct, 18 Pa.C.S.A. § 5503(a)(4), a summary offense.
>
> Appellant was charged at Case No. 1232-2020 with one count of corruption of minors, 18 Pa.C.S.A. § 6301(a)(1)(i), a misdemeanor of the first degree, one count of indecent assault, 18 Pa.C.S.A. § 3126(a)(1), a misdemeanor of the

_____

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

second degree, and one count of harassment/strike, shove, kick, etc., 18 Pa.C.S.A. § 2709(a)(1), a summary offense.

Appellant was charged at Case No. 1314-2020 with one count of intimidation of witnesses or victims, 18 Pa.C.S.A. § 4952(a)(3), a felony of the third degree, one count of terroristic threats, 18 Pa.C.S.A. § 2706(a)(1), a misdemeanor of the first degree, and one count of harassment/lewd, obscene, 18 Pa.C.S.A. § 2709(a)(4), a misdemeanor of the third degree.

Appellant was charged at Case No. 1336-2020 with one count of retail theft — take merchandise, 18 Pa.C.S.A. § 3929(a)(1), a summary offense, one count of open lewdness, 18 Pa.C.S.A. § 5901, a misdemeanor of the third degree, and one count of disorderly conduct, 18 Pa.C.S.A. § 5503(a)(4), a summary offense.

Appellant was charged at Case No. 217-2021 with three counts of failure to relinquish firearm/weapons required by order, 18 Pa.C.S.A. § 6105(a)(2)(iv), misdemeanors of the second degree.

Appellant [entered an open guilty plea to] several of the above charges on January 28, 2022, including: criminal trespass and disorderly conduct at Case No. 732-2020, theft by unlawful taking at Case No. 892-2020, corruption of minors, simple assault (amended from indecent assault)[,] and harassment at Case No. 1232-2020, recklessly endangering another person (amended from intimidation of witnesses) at Case No. 1314-2020, open lewdness at Case No. 1336-2020, and one count of failure to relinquish firearms/weapons required by order at Case No. 217-2021.

Trial Court Opinion, 7/14/22, at 1-3 (some capitalization omitted).

On March 22, 2022, the trial court sentenced Appellant to serve an aggregate sentence of three-and-a-half to seven years in prison, followed by four years of probation, for his convictions. *See* N.T. Sentencing, 3/22/22, at 10-13.

- 4 -

Appellant filed a timely post-sentence motion and claimed that his sentence was excessive, as the trial court failed to consider his rehabilitative needs and the protection of the public. Appellant's Post-Sentence Motion, 4/1/22, at 1. Appellant further claimed that "the goals of [the Sentencing Code could] be accomplished through mental health treatment and intensive supervision in the community." *Id.*

The trial court denied Appellant's post-sentence motion and Appellant filed a timely notice of appeal. Appellant raises one claim to this Court:

> Whether the [trial] court erred and abused its discretion by failing to consider the evidence of [Appellant's] rehabilitative needs, mental health needs, and protection of the public as set forth in 42 Pa.C.S.A. § 9721(b), resulting in a manifestly excessive sentence[?]

Appellant's Brief at 5.

Appellant's claim on appeal challenges the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." *Commonwealth v. Ritchey*, 779 A.2d 1183, 1185 (Pa. Super. 2001). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether

- 5 -

appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, Appellant filed a timely post-sentence motion and notice of appeal. Further, Appellant's post-sentence motion claimed that his sentence is excessive because the trial court failed to consider Appellant's rehabilitative and mental health needs and the protection of the public. *See* Appellant's Post-Sentence Motion, 4/1/22, at 1. Thus, Appellant preserved his current appellate claims. We will now determine whether Appellant's claims present a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." *Cook*, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. *Goggins*, 748 A.2d at 726. This limitation ensures that our

inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (emphasis omitted).

Appellant contends that his sentence is excessive because the trial court failed to consider his rehabilitative needs and the protection of the public. Both claims present a substantial question, thus permitting our review of the claims. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016) (substantial question raised where appellant claimed the court "failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of [a]ppellant, as 42 Pa.C.S.[A.] § 9721(b) requires") (citation omitted).

On appeal, Appellant argues that the trial court should not have sentenced him to further incarceration, but rather should have sentenced him to "time served or house arrest with electronic monitoring, with required intensive mental health treatment." Appellant's Brief at 14. As Appellant argues, his psychological evaluation noted that "his past symptoms of psychosis could have been entirely substance induced" and "there was also a potential lack of executive functioning [in his brain,] due to brain trauma [from] a stroke suffered in 2015." *Id.* Therefore, Appellant argues, his "sentence should [have been] focused on intensive mental health treatment." *Id.* Appellant further argues that the "[a]dditional incarceration" the trial court ordered in his case was not warranted since "all the court's objectives

[could have been] accomplished with community supervision or house arrest."
***Id.***

Initially, we note, there is no dispute that the trial court sentenced Appellant within the standard sentencing guideline ranges. Moreover, during sentencing, the trial court relied upon a presentence investigation report. ***See*** N.T. Sentencing, 3/22/22, at 2. As such, we presume that the trial court was aware of the mitigating factors Appellant currently points to on appeal. ***See***, ***e.g.***, ***Commonwealth v. Baker***, 72 A.3d 652, 663 ("[w]hen a sentencing court has reviewed a presentence investigation report, we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence"). Finally, when fashioning Appellant's sentence, the trial court expressly considered Appellant's rehabilitative and mental health needs and the protection of the public. Indeed, during the sentencing hearing, the trial court declared:

> In fashioning your sentence today, I've taken into consideration a lot of things. I spent a lot of time on two separate dates reviewing your information, the facts of your case, your guidelines. I reviewed the assessment that was done by [psychologist Scott J. Scotilla]. I took into consideration the charges to which you pled guilty, the sentencing code, the sentencing guidelines, your rehabilitative needs, and the protection of the community. I've taken into consideration statements that your attorney made in court today. I've taken into consideration the statements made by the victim in court today. And I took into consideration two things: your initial allocution to the court where you apologized to everybody out there; and I also took into consideration the profanity that you used against the victim when she exercised her right to speak and express her concerns for your behavior[].

> You'd indicated that your issues stem from substance abuse issues, but you are incarcerated right now and you are not under the influence of drugs or alcohol, and yet that same type of behavior that led to these offenses, that same type of behavior that has led to you serving sentences on indirect criminal contempt[], it was just displayed before the court right now.
>
> I think that you are a danger to the community. I cannot state whether or not you have a traumatic brain injury and I am hopeful that the state institution to which I'm about to sentence you can address that, and if possible, [provide] you with any medications that may assist in your condition. I hope you receive that.

N.T. Sentencing, 3/22/22, at 9-10 (some capitalization omitted).

As is evident from the above, the trial court expressly considered Appellant's rehabilitative and mental health needs and the protection of the public when fashioning Appellant's sentence. Therefore, Appellant's claim on appeal necessarily fails.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/10/2023