**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Don Robert COOK, Appellant.**

**Commonwealth of Pennsylvania,**
**Appellant**

v.

**Don Robert Cook, Appellee.**

Superior Court of Pennsylvania.

Submitted Nov. 5, 2007.
Filed Dec. 20, 2007.

8

David F. Pollock, Waynesburg, for Cook.

Marjorie J. Fox, Asst. Dist. Atty., Waynesburg, for Com., appellee.

BEFORE: HUDOCK, PANELLA and COLVILLE *, JJ.

OPINION BY HUDOCK, J.:

¶ 1 Both Appellant and the Commonwealth appeal from the judgment of sen-

* Retired Senior Judge assigned to the Superior Court.

tence entered after Appellant pled guilty to two counts of driving under the influence of alcohol (DUI)[1] and several summary offenses. Appellant was sentenced to an aggregate term of six months to twenty three and one-half months of incarceration for the DUI counts and a consecutive ninety days of incarceration for the summary offense of driving while operating privilege suspended.[2] We vacate and remand for re-sentencing.

| Offense | Grade | Conviction |
|---------|-------|------------|
| Driving Under Influence | M-2 | November 29, 1990 |
| Driving Under Influence | M-2 | May 17, 1991 |
| Driving Under Influence | M-2 | March 26, 1992 |
| Driving Under Influence | M-1 | May 3, 2001 |
| Accidents Involving Damage | M-3 | May 4, 2006 |

¶3 In preparing a Pennsylvania Sentencing Guidelines[4] form, the Commonwealth originally assigned Appellant a prior record score (PRS) of four. According to the Commonwealth's calculation, Appellant "receives one point each for his DUI convictions in 1991, 1992, and 2001, for a total of three points. In addition, the guidelines provide that he shall receive one point for two or three convictions of 'other misdemeanor offenses', designated as an 'm' in the offense listing. This listing includes both DUI and Accidents Involving Damage [AID]. One additional point, therefore was added to [Appellant's] prior record score as the result of two misdemeanor convictions: the 'free' DUI excluded as his first conviction and his conviction for Accidents Involving Damage." Commonwealth's Sentencing Memorandum, 4/26/07, at 2 (footnotes omitted).

¶4 In response to the Commonwealth's PRS calculation, Appellant claimed his

¶2 Appellant was arrested for DUI on June 30, 2006. Upon testing, his blood alcohol concentration registered 0.22%. Appellant pled guilty to charges of DUI and various summary offenses on April 9, 2007. The present charges represent Appellant's second DUI offense within the last ten years. See 75 Pa.C.S.A. § 3806(b) (ten year look-back period). His prior record consists of the following offenses:[3]

PRS should be one. Advancing a claim of *ex post facto,* Appellant argued that the Commonwealth could not use his three prior DUI convictions in calculating his PRS because "they are banned by the new Driving Under Impairment statute ... [They] should not have been taken into consideration as they were beyond the new ten (10) year window of inclusion created by the 2004 amendments to the old Driving Under the Influence statute." Defendant's Memorandum in Support of Sentencing, 4/24/07, at 2. Appellant further argued that the 1990 DUI conviction could not be considered an "other misdemeanor offense" and combined with the 2006 AID misdemeanor for imposition of an additional point. *Id.*

¶5 By order dated April 30, 2007, the sentencing court allowed the Commonwealth to include the 1991, 1992 and 2001

1. 75 Pa.C.S.A. §§ 3802(a)(1) (General impairment) and 3802(c) (Highest rate).

2. 75 Pa.C.S.A. § 1543(b)(1).

3. Additionally, Appellant was accepted into an ARD program in 1976 for DUI charges. That offense was not included in calculating

Appellant's PRS because the Sentencing Guidelines do not apply to sentences imposed as the result of an ARD. 204 Pa.Code §§ 303.1(b) and 303.8(g)(1).

4. 204 Pa.Code §§ 303.1–303.9.

DUI convictions in calculating Appellant's PRS. However, it disallowed use of the 1990 DUI conviction for any purpose, including as an "other misdemeanor offense;" see 204 Pa.Code § 303.7(a)(5). Moreover, it determined that the 2006 AID conviction, standing alone, had no impact on Appellant's PRS. Order of Court, 4/30/07, at 1. The sentencing court then sentenced Appellant according to the Sentencing Guidelines based on a revised PRS of three. Appellant and the Commonwealth both filed appeals and, as directed by the trial court, a Pa.R.A.P. 1925(b) statement of matters complained of on appeal.[5] In turn, the trial court authored a Memorandum to Record.

¶ 6 On appeal, Appellant raises a single issue for our review: "Did the Sentencing Court err by calculating the Appellant's Prior Record Score as a 3 instead of a 1?" Appellant's Brief at 5. The Commonwealth raises two issues for our review:

I. Must a defendant's first DUI conviction always be excluded from the tabulation of his prior record score score [sic]?

II. Does the miscalculation of a prior record score and subsequent imposition of the resulting sentence constitute a misapplication of the sentencing guidelines?

Commonwealth's Brief at 4 (capitalization omitted). Both Appellant and the Commonwealth challenge the discretionary aspects of sentencing for which there is no automatic right to appeal. Commonwealth v. Marts, 889 A.2d 608, 611 (Pa.Super.2005). This appeal is, therefore, more appropriately considered a petition for allowance of appeal. 42 Pa.C.S.A. § 9781(b). To reach the merits of a discretionary

sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. section 9781(b). Commonwealth v. Anderson, 830 A.2d 1013, 1016 (Pa.Super.2003).

¶ 7 Instantly, Appellant and the Commonwealth preserved their issues at sentencing and filed timely appeals. In his Rule 2119(f) statement, Appellant claims that the sentencing court's application of the sentencing guidelines conflicts with provisions of the DUI statute. Appellant's Brief at 8. In its Rule 2119(f) statement, the Commonwealth claims that the sentencing court misapplied the sentencing guidelines because the PRS was improperly calculated. Commonwealth's Brief at 8. A claim that the sentencing court misapplied the Sentencing Guidelines presents a substantial question. Commonwealth v. Medley, 725 A.2d 1225, 1228 (Pa.Super.1999). Thus, we shall address the merits of the issues raised in both appeals, according to the following standards.

¶ 8 Sentencing is a matter vested in the sound discretion of the sentencing judge. Commonwealth v. Paul, 925 A.2d 825 (Pa.Super.2007). The standard employed when reviewing the discretionary aspects of sentencing is very narrow. Marts, 889 A.2d at 613. We may reverse only if the sentencing court abused its discretion or committed an error of law.

---

5. In violation of Pa.R.A.P. 2111(a)(10) and (d), neither Appellant nor the Commonwealth has included in their brief a copy of their Rule 1925(b) statement.

*Id.* "A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Littlehales*, 915 A.2d 662, 665 (Pa.Super.2007). We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime. *Marts*, 889 A.2d at 613.

■ ¶ 9 Instantly, Appellant reasserts his *ex post facto* claim regarding the 1991 and 1992 convictions and his argument that the 1990 DUI conviction cannot be combined with the 2006 AID conviction as the basis for imposing an additional point. Specifically, Appellant claims that his PRS can be based only on the 2001 DUI conviction, for a total score of one, because his other convictions predate the Pennsylvania Vehicle Code's ten year look-back period. 75 Pa.C.S.A. § 3806. Appellant's Brief at 9, 12. With an offense gravity score of five and a PRS of one, Appellant's standard range sentence under the Sentencing Guidelines Matrix would be one month to twelve months of incarceration. 24 Pa. Code § 303.16.

¶ 10 In reviewing Appellant's PRS, the sentencing court determined that one point was assignable to each of Appellant's 1991, 1992 and 2001 DUI convictions, for a prior record score of three. The sentencing court rejected Appellant's *ex post facto* argument and the Commonwealth's attempt to combine the 1990 DUI conviction and the 2006 AID conviction for an additional one point, or a total record score of

four. Memorandum to Record, 6/26/07, at 3.

¶ 11 The Sentencing Guidelines provide for calculation of a defendant's PRS based on prior convictions. *See* 204 Pa.Code §§ 303.4–303.8. For purposes of calculating a PRS, the guidelines define prior convictions as follows: "A prior conviction means 'previously convicted' as defined in 42 Pa.C.S. § 2154(a)(2).... In order for an offense to be considered in the Prior Record Score, both the commission of and conviction for the previous offense must occur before the commission of the current offense." 204 Pa.Code 303.5. Pursuant to section 303.7 of the guidelines, one point "is added for each prior conviction ... Driving Under the Influence of Alcohol or Controlled Substance, *except for a first offense.*" 204 Pa.Code 303.7(a)(4) (emphasis supplied).

■ ¶ 12 Applying sections 303.5 and 303.7 to the case at hand, we agree with the sentencing court that one point should be assigned to Appellant's 1991 and 1992 convictions, but not to his 1990 DUI conviction. As the Commonwealth correctly points out, "the Code has no specified look back period, and counts DUI's regardless of conviction date." Commonwealth's Brief at 3. "Neither the Sentencing Code nor the sentencing guidelines place any time limits on offenses to be included in the prior record score, as such criminal history is relevant to sentencing." *Commonwealth v. Johnson*, 421 Pa.Super. 433, 618 A.2d 415 (1992), *overruled on other grounds, Commonwealth v. Archer*, 722 A.2d 203 (Pa.Super.1998). Moreover, section 303.7(a)(4) explicitly provides that one point is NOT added for *a first DUI offense.* Accordingly, the sentencing court properly directed that one point be added for Appellant's 1991 and 1992 DUI convictions and his 2001 DUI conviction, 204 Pa.Code section 303.5, and that his first

DUI offense of November 29, 1990, be excluded from the PRS. 204 Pa.Code § 303.7(a)(4).

¶ 13 Appellant's reliance on Pennsylvania Vehicle Code sections 3804 (Penalties) and 3806 (Prior Offenses) is misplaced. Section 3806 of the Vehicle Code deals with the determination of prior DUI offenses, as that term is used in the penalty section (3804) for purposes of enhancing subsequent DUI offenses.[6] Again, as the Commonwealth points out, "the calculation of a prior record score under the Sentencing Guidelines . . . [is] governed by 204 Pa.Code § 303. The [Vehicle Code] provisions relating to prior offenses in § 3806 do not dictate the defendant's guideline sentence range, only the minimum that he *must* serve." *Commonwealth v. Pleger*, 934 A.2d 715, 2007 WL 2917392, at *2 (Pa.Super. October 9, 2007) ("The minimum penalties for DUI offenses are not discretionary but, rather, mandatory."). "DUI offenses within the statutory look back period serve only to trigger the mandatory minimum sentence provision of 75 Pa.C.S.A. § 3804. It is still necessary to calculate and apply a prior record score under the Pennsylvania Code." Commonwealth's Brief at 3.

¶ 14 Even under the Vehicle Code, Appellant's *ex post facto* claim fails. This Court has repeatedly held that the amendment to the DUI statute providing for a ten year look-back period to determine whether a defendant had prior DUI offenses, for purposes of enhancing subsequent offenses, did not constitute an *ex post facto* violation. The amendment did not retroactively enhance prior DUI convictions occurring before its effective date; it only enhanced punishment for the latest offense, which is considered to be an ag-

gravated offense because it is a repetitive one. *See Commonwealth v. Smith,* 904 A.2d 30 (Pa.Super.2006); *Commonwealth v. McCoy,* 895 A.2d 18 (Pa.Super.2006); *Commonwealth v. Tustin,* 888 A.2d 843 (Pa.Super.2005).

¶ 15 We turn now to the Commonwealth's appeal, wherein it complains that the trial court erred in not combining the 1990 DUI conviction and the 2006 AID conviction for a PRS of four. Commonwealth's Brief at 10. A PRS of four and an offense gravity score of five results in a standard range sentence of nine to sixteen months of incarceration. 204 Pa.Code § 303.16. The sentencing court explained its rejection of the Commonwealth's argument as follows:

> The Commonwealth's argument must fail due to the specific direction set forth in the sentencing guidelines to exclude the first prior conviction for [DUI]. To allow that to be later included for the purpose of adding it together with other misdemeanor offenses could not have been the intent of the legislature, that is, to take away with one hand and give back with the other.

Memorandum to Record, 6/26/07, at 5.

¶ 16 After careful review, we agree with the sentencing court that section 303.7(a)(4) explicitly prohibits adding a point for Appellant's first DUI offense. However, we disagree that a first DUI offense may not be used in combination with "other misdemeanor offenses" pursuant to section 303.7(a)(5) for the addition of a point or points (depending on the number of other misdemeanors). Under section 303.7(a)(5), all other misdemeanor offenses, designated by an "m" in the offense

---

**6.** Unlike the sentencing guidelines, section 3806 includes acceptance into ARD as a prior offense for purposes of determining penalties for repeat DUI infractions. 75 Pa.C.S.A. § 3806(a); *Commonwealth v. Pleger,* 934 A.2d 715 (Pa.Super.2007).

listing at section 303.15, are scored as follows:

(i) *One point is added if the offender was previously convicted of two or three misdemeanors.*

(ii) Two points are added if the offender was previously convicted of four to six misdemeanors.

(iii) Three points are added if the offender was previously convicted of seven or more misdemeanors.

204 Pa.Code § 303.7(a)(5) (emphasis supplied). Instantly, a first DUI conviction under 75 Pa.C.S.A. section 3802(c) and an AID conviction under 75 Pa.C.S.A. section 3743 are designated by an "m" in the offense listing. 204 Pa.Code § 303.15. Accordingly, Appellant's 1990 DUI conviction and 2006 AID conviction fall under the "Other Misdemeanor Offenses" section. 204 Pa.Code § 303.7(a)(5). The plain language of section 303.7(a)(5)(i) permits adding a point to Appellant's PRS based on these combined misdemeanors. With the addition of one point for Appellant's two "other misdemeanors," Appellant's PRS is four.

¶ 17 Contrary to the sentencing court's opinion as to the legislature's intent, we conclude that excluding a first DUI conviction from the PRS in every circumstance would render meaningless the legislature's designation of a first DUI conviction under 75 Pa.C.S.A. section 3802(c) as an "m" offense in section 303.15. Such a result would violate the Statutory Construction Act of 1972, 1 Pa.C.S. sections 1501–1991, which states, in relevant part: "Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa. C.S.A. § 1921. By not allowing a first DUI offense to be assigned a point, but allowing a first DUI offense to be combined with other misdemeanors offenses for the addition of a point (or points), we give effect to both sections of the Sentencing Guidelines.

¶ 18 In sum, the sentencing court erred in sentencing Appellant, because it used an incorrect PRS of three when applying the sentencing guidelines. Accordingly, Appellant must be re-sentenced based on a PRS of four.

¶ 19 Judgment of sentence vacated; case remanded for re-sentencing. Jurisdiction relinquished.