J-S09024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDY ORTIZ | : | |
| | : | |
| Appellant | : | No. 215 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006986-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDY ORTIZ | : | |
| | : | |
| Appellant | : | No. 216 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001258-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDY ORTIZ | : | |
| | : | |
| Appellant | : | No. 217 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006332-2019

J-S09024-25

BEFORE:   LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                           **FILED JUNE 4, 2025**

Andy Ortiz ("Ortiz") appeals[1] from the judgments of sentence entered by the Philadelphia County Court of Common Pleas ("trial court") following his guilty pleas to aggravated assault, criminal conspiracy, two counts of rape of a child, and related offenses.  Ortiz claims the trial court abused its discretion when it sentenced him and denied his motions to withdraw his guilty pleas. Finding Ortiz's claims lack merit, we affirm.

At docket number CP-51-CR-0006986-2019 (hereinafter referred to as the "aggravated assault docket"), Ortiz entered a negotiated guilty plea on February 19, 2021 to aggravated assault and criminal conspiracy[2] in exchange for a recommended sentence of two to four years of incarceration to run concurrently with Ortiz's other open criminal matters.  N.T., 2/19/2021, at 5.  The Commonwealth offered the following factual basis for Ortiz's guilty plea:

> [O]n June 23rd, 2019…, the complainant, who's a[n intellectually disabled] individual, was outside of a Chinese food store.   [Ortiz] along with [Ortiz's] brother approached the complainant and accused him of having a key to their mother's home.  [Ortiz] and his brother then punched the complainant in the face and told him he had to follow them to their mother's home to locate a key.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] This Court consolidated the above-captioned appeals sua sponte on July 31, 2024.

[2] 18 Pa.C.S. §§ 2702(a), 903.

- 2 -

The complainant then followed them to the house where the key was found inside and the complainant left. The complainant did go to the [hospital] after this incident and was diagnosed with a fractured orbital bone, a concussion and a chipped tooth, [and] since then the complainant has now had to wear glasses.

*Id.* at 10. The trial court ordered a presentence investigation ("PSI") report and mental health evaluation, and deferred sentencing.

At docket number CP-51-CR-0006332-2019 (hereinafter referred to as "sexual assault docket 1"), Ortiz entered an open guilty plea on March 5, 2021 to rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, unlawful contact with a minor, statutory sexual assault, sexual assault, corruption of minors, indecent assault, and indecent exposure.[3] N.T., 3/5/2021, at 13-14. On the same date, at docket number CP-51-CR-0001258-2020 (hereinafter referred to as "sexual assault docket 2"), Ortiz entered an open guilty plea to rape of a child, IDSI with a child, unlawful contact with a minor, statutory sexual assault, sexual assault, sexual abuse of children, corruption of minors, indecent assault, recklessly endangering another person ("REAP"), and indecent exposure.[4] *Id.* at 14-15. The Commonwealth offered the following factual bases for Ortiz's guilty pleas:

_____

[3] 18 Pa.C.S. §§ 3121(c), 3123(b), 6318(a)(1), 3122.1, 3124.1, 6301(a)(1)(ii), 3126(a)(7), 3127(a). At sentencing, the trial court granted the Commonwealth's motion to nolle pros the statutory sexual assault and sexual assault charges. N.T., 6/3/2022, at 34-35.

[4] 18 Pa.C.S. §§ 18 Pa.C.S. §§ 3121(c), 3123(b), 6318(a)(1), 3122.1, 3124.1, 6312(b)(1), 6301(a)(1)(ii), 3126(a)(7), 2705, 3127(a). At sentencing, the
*(Footnote Continued Next Page)*

As to Docket No. ending in CP-6332-2019, had the Commonwealth gone to trial in that matter, the Commonwealth would have presented evidence that, in August of 2019, while [Ortiz] was at his home … located in Philadelphia, he had vaginal and oral sexual intercourse with the complaining witness whose initials are D.K., who was 12 years old at the time, [born October 2006].

As to CP Docket No. ending in 1258-2020, had the Commonwealth proceeded to trial in that matter, [it] would have presented evidence that, also, [i]n August of 2019, while [Ortiz] was in his home … in Philadelphia, he had sexual vaginal and oral intercourse with the complaining witness, whose initials are K.W., [born September 2007]. She was 11 years old at the time. [Ortiz's] date of birth is February 8, 2000; making him 7 years older than K.W. and 6 years older than D.K.

During that period, during those incidents, [Ortiz] used his cell phone to record videos of him having oral and vaginal sexual intercourse with [] both complaining witnesses. The Commonwealth recovered those videos from [Ortiz's] cell phone. [The complainants] were both under age at that time….

N.T., 3/5/2021, at 11-12. The trial court ordered Ortiz to undergo an evaluation by the Sexual Offenders Assessment Board ("SOAB") and a forensic intensive recovery ("FIR") evaluation, and deferred sentencing.

Attorney Joseph Coleman represented Ortiz at the above plea hearings on all three dockets. On June 7, 2021, the parties appeared at what was to be a sentencing hearing.[5] Attorney Coleman indicated to the trial court that,

_____

trial court granted the Commonwealth's motion to nolle pros the statutory sexual assault, sexual assault, and REAP charges. N.T., 6/3/2022, at 37, 64.

[5] The notes of testimony indicate docket number CP-51-CR-0006956-2019, but it appears it should instead be the aggravated assault docket. Further, the notes of testimony do not indicate the other two docket numbers at issue
*(Footnote Continued Next Page)*

first, the evaluations of Ortiz ordered by the trial court had not yet been completed, and second, on several occasions, Oritz told Attorney Coleman that he wanted to fire him, have new counsel appointed, and withdraw his guilty pleas. N.T., 6/7/2021, at 4-5. The trial court colloquied Ortiz, permitted Attorney Coleman to withdraw, and after Ortiz said he could afford to retain a private attorney, gave him thirty days to do so or the court would appoint counsel for him. *Id.* at 6-20. Further, the trial court re-ordered the evaluations and deferred sentencing. *Id.*

On July 13, 2021, the trial court appointed Attorney Leon Goodman as counsel for Ortiz on all three dockets. On October 7, 2021, Ortiz filed on all three dockets a counseled motion to withdraw his guilty plea entered on February 19, 2021, indicating that he wanted to proceed to trial. Motion to Withdraw Guilty Plea, 10/7/2021, ¶¶ 1, 4. The Commonwealth responded in opposition on November 22, 2021, arguing that Ortiz should not be permitted to withdraw his guilty pleas prior to sentencing without providing a fair and just reason. Commonwealth's Response to Defendant's Motion to Withdraw Guilty Plea, 11/22/2021, at 1.

_____

in this case, but it is apparent from the notes of testimony that the parties and trial court intended the hearing to be for sentencing on all three dockets. *See* N.T., 6/7/2021, at 3-4.

On June 3, 2022, the parties appeared for a hearing on Ortiz's motions to appoint new counsel[6] and withdraw his guilty pleas. The trial court denied the motions.[7] The trial court proceeded to sentencing and imposed an

_____

[6] On January 12, 2022, Ortiz filed on all three dockets a pro se document titled "Motion for Uneffective Counsel" seeking the removal of Attorney Goodman and appointment of new counsel.

[7] Although Ortiz, through Attorney Goodman, filed a motion to withdraw his guilty plea on the three above-referenced dockets, the filings only sought withdrawal of the guilty plea he entered on February 19, 2021, which was on the aggravated assault docket. *See* Motion to Withdraw Guilty Plea, 10/7/2021, ¶ 1. However, in light of the Commonwealth's response, and the trial court's orders denying his motions to withdraw guilty plea on all three dockets, it is apparent that the parties and trial court treated Oritz's motions as a request to withdraw the guilty pleas entered on the three dockets.

aggregate term on all three dockets of ten to thirty years of incarceration.[8]

The trial court thereafter denied post-sentence motions.[9]

_____

[8] The trial court imposed the following aggregate sentences: (1) on the aggravated assault docket, an aggregate term of two to four years of incarceration to run concurrently with the sentences imposed on sexual assault dockets 1 and 2; (2) on sexual assault docket 1, an aggregate term of five to fifteen years of incarceration to run consecutively to the sentence imposed on sexual assault docket 2; and (3) on sexual assault docket 2, an aggregate term of five to fifteen years of incarceration to run consecutively to the sentence imposed on sexual assault docket 1. *See* N.T., 6/3/2022, at 51-58; *see also* Trial Court Opinion, 6/18/2024, at 8-9.

Specifically, the trial court imposed the following individual sentences: on the aggravated assault docket: two to four years for aggravated assault and two to four years for conspiracy, to run concurrently with each other. *See* Sentencing Order, 6/3/2022 (aggravated assault docket). On sexual assault docket 1, five to fifteen years for rape of a child; five to fifteen years for unlawful contact with a minor; three to six years for IDSI with a child; one to two years for corruption of minors; and a determination of guilt without further penalty for indecent assault and indecent exposure, all to run concurrently with each other. *See* Sentencing Order, 6/3/2022 (sexual assault docket 1). On sexual assault docket 2, five to fifteen years for rape of a child; five to fifteen years for unlawful contact with a minor; three to six years for IDSI with a child; one to two years for corruption of minors; and a determination of guilt without further penalty for indecent assault, indecent exposure, and sexual abuse of children, all to run concurrently with each other. *See* Sentencing Order, 6/3/2022 (sexual assault docket 2).

[9] On June 9, 2022, while still represented by Attorney Goodman, Ortiz filed a pro se "Petition for Reconsideration" on all three dockets, seeking reconsideration of the denial of his motion to withdraw his guilty pleas. On June 13, 2022, Attorney Goodman filed a motion for reconsideration on sexual assault dockets 1 and 2, but not the aggravated assault docket. On June 15, 2022, the trial court denied the counseled motions for reconsideration on sexual assault dockets 1 and 2, and did not act on the pro se motions.

This appeal followed.[10] Both Ortiz and the trial court complied with the mandates of Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

Ortiz raises two issues for our review:

A.   Did [the trial c]ourt abuse discretionary aspects of sentencing in fashioning a consecutive-in-nature sentence that was much more than necessary to protect the public, vindicate the complainants and where Ortiz had a prior record score of "0" and while in need of treatment (to include for mental health issues) he has great potential for complete rehabilitation. The aggregate sentence of 10 to 30 years of incarceration was excessive in light of the various mitigating factors, to include Ortiz's acceptance of responsibility in pleading guilty on all three transcripts, his great remorse and work history?

B.   Did the [trial c]ourt err in denying Ortiz's pre-sentence motion to withdraw his guilty pleas as his claim that "I'm not guilty" is supported by a defense strategy that could plausibly result in his acquittal at a trial, with respect to [sexual assault dockets 1 and 2] (Ortiz contests the denial of withdrawal of the guilty plea on [the aggravated assault docket], as well as he was sentenced on all three transcripts together). Specifically, Ortiz wished to contest the admission of evidence retrieved from his cell-phone, which he asserts was illegally obtained and to exclude a statement he gave to police, which he states was given while he was under the influence/intoxicated. As such, if Ortiz were

_____

[10] On August 1, 2022, Ortiz filed pro se notices of appeal on all three dockets despite being represented by Attorney Goodman. Those appeals were docketed with this Court at 2586 EDA 2022 (aggravated assault docket), 2590 EDA 2022 (sexual assault docket 1), and 2588 EDA 2022 (sexual assault docket 2). Thereafter, the trial court permitted Attorney Goodman to withdraw and it appointed new appellate counsel. On February 13, 2023, this Court quashed the three appeals as untimely filed without prejudice to seek relief in the lower court under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. On February 15, 2023, appellate counsel filed a PCRA petition on all three dockets, and the trial court reinstated Ortiz's appellate rights January 5, 2024. Appellate counsel filed notices of appeal on the three dockets that same date.

successful in excluding this evidence there is a colorable claim he may prevail at trial and that under the liberality standard, allowing withdrawal would promote fairness and justice?

Ortiz's Brief at 8 (party designation altered).

## Discretionary Aspects of Sentencing

In his first issue, Ortiz claims that the trial court abused its discretion in sentencing him to an aggregate sentence of ten to thirty years of incarceration because it was more than was necessary to protect the public and vindicate the complainants. Ortiz's Brief at 21. Ortiz acknowledges that he received mitigated range sentences on the "lead charges" but contends that running the sentences consecutively was excessive and failed to account for several mitigating factors. *Id.* at 23-24. He further argues that the trial court failed to adequately consider his need for rehabilitation and treatment and instead "weighed too heavily on the facts of the case" and his grooming of the complainants. *Id.* at 24.

"The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). To invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence, an appellant must satisfy a four-part test:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of

his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotation marks and citation omitted).

On the aggravated assault docket, Ortiz filed a timely notice of appeal but failed to preserve a discretionary sentencing claim at the time of sentencing or in a post-sentence motion. As noted above, Attorney Goodman filed motions to reconsider his sentences on the other two dockets, but not this one. Although Ortiz filed a pro se "Petition for Reconsideration" on this docket, he was still represented by counsel and thus, his filing was a legal nullity.[11] *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007) ("Appellant had no right to file a pro se [post-sentence] motion because he was represented by counsel. This means that his pro se post-sentence motion was a nullity, having no legal effect.") (citations omitted). Therefore, we are without jurisdiction to review Ortiz's discretionary aspects of sentencing claim

_____

[11] Regardless, Ortiz did not challenge any discretionary aspects of sentencing in this filing.

- 10 -

on this docket.[12]   *See id.* (holding appellant waived his discretionary sentencing claim where he filed a pro se post-sentence motion while represented by counsel).

However, on sexual assault dockets 1 and 2, Ortiz has satisfied the first three requirements of the four-part test by filing a timely notice of appeal, raising his sentencing claim in a post-sentence motion, and including a Pa.R.A.P. 2119(f) statement in his appellate brief.  *See* Notice of Appeal, 1/5/2024 (sexual assault docket 1); Notice of Appeal, 1/5/2024 (sexual assault docket 2); Motion to Reconsider Sentence, 6/13/2022 (sexual assault docket 1); Motion to Reconsider Sentence, 6/13/2022 (sexual assault docket 2); Ortiz's Brief at 16-20.

Additionally, Ortiz's excessiveness claim based on the imposition of consecutive sentences, raised in conjunction with his claim that the trial court failed to consider mitigating factors and his rehabilitative needs, presents a substantial question for our review.  *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that an appellant's "challenge to

_____

[12] Further, Ortiz arguably did not set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119 on this docket.  In the statement in his appellate brief, Ortiz does not specify the dockets on which he challenges the discretionary aspects of sentencing.  His Rule 2119(f) statement concerns "the consecutive nature between two of the transcripts resulting in an aggregate sentence of 10 to 30 years of incarceration" and refers only to convictions on the other two dockets, not this one.  Ortiz's Brief at 19-20.  Moreover, on this docket, Ortiz entered into a negotiated guilty plea and the trial court sentenced him to the recommended sentence.

the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question").  We therefore turn to the merits of this claim.

We review discretionary sentencing claims pursuant to the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge.  The standard employed when reviewing the discretionary aspects of sentencing is very narrow.  We may reverse only if the sentencing court abused its discretion or committed an error of law.  A sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.  We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

The Sentencing Code states, in relevant part, that in fashioning a sentence,

> the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. … In every case in which the court imposes a sentence for a felony or misdemeanor … the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S. § 9721(b). "The balance of the sentencing factors is the sole province of the sentencing court." *Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023) (citation omitted). Additionally, "the sentencing court, which is present at the hearing and observes all witnesses and the defendant firsthand, is in a superior position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime." *Id.* (citation omitted). "Where the sentencing court had the benefit of reviewing a PSI, we must presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Id.* (quotation marks and citation omitted). A sentencing court generally has "discretion to impose its sentence concurrently or consecutively to other sentences imposed at the same time or to sentences already imposed." *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa. Super. 2018).

Further, when we review a sentence, we must consider:

(1)     The nature and circumstances of the offense and the history and characteristics of the defendant.

(2)     The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3)     The findings upon which the sentence was based.

(4)     The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

Ortiz argues that the trial court's imposition of consecutive sentences was excessive and failed to consider several mitigating factors: he posed no threat to the public since had a prior record score of zero, accepted responsibility by pleading guilty, spared the complainants from having to testify at trial, showed some contrition at sentencing, had a work history, had himself been physically and sexually abused, had mental health and substance abuse issues, was not deemed to be a sexually violent predator, and his lifetime reporting requirements under the Sex Offender Registration and Notification Act[13] provide adequate protection to the public. Ortiz's Brief at 23-24. However, the record reflects that each of these factors was discussed at the sentencing hearing. N.T., 6/3/2022, at 33, 35, 38, 40-45, 47-51, 53, 58.

Further, prior to imposing the sentences, the trial court stated on the record that it considered Ortiz's PSI and mental health evaluation; counsel's arguments; Ortiz's remarks; the facts and circumstances of the cases, including Ortiz's grooming of the complainants at his place of work; Ortiz's history; the impact on the complainants; that he pled guilty and his guilty pleas spared the complainants from testifying at trial; his rehabilitative needs (including his receipt of mental health treatment while incarcerated, which the trial court recommended as part of his sentence); and protection of the

_____

[13] 42 Pa.C.S.§§ 9799.10-9799.42.

- 14 -

community. *Id.* at 51-53, 57; *see also* Trial Court Opinion, 6/18/2024, at 17. The trial court specifically acknowledged hardships Ortiz faced as a juvenile, agreed that his background and "what he had to grow up with" was "to put it mildly, far from ideal," and believed "the issues he had to confront" likely contributed to his criminal conduct in these cases. N.T., 6/3/2022, at 51-52; *see also* Trial Court Opinion, 6/18/2024, at 17. Accordingly, the trial court was aware of, and weighed, relevant information regarding Ortiz's character and mitigating factors. *See Kurtz*, 294 A.3d at 536; *Cook*, 941 A.2d at 12.

In addition, the record established that Ortiz had a prior record score of zero and the Commonwealth read into the record the sentencing guidelines for his convictions. *See* N.T., 6/3/2022, at 33-40. The individual sentences imposed were all within the sentencing guidelines, with several within the mitigated range, and none exceeded the statutory limit. *See* Trial Court Opinion, 6/18/2024, at 15-16; *see also* 18 Pa.C.S. §§ 1103-1104; 204 Pa.Code §§ 303.15-303.16. On the rape of a child convictions, the trial court expressly stated that it was imposing a sentence "below the standard range" and "giving [Ortiz] credit for pleading guilty." N.T., 6/3/2022, at 54. The trial court imposed no penalty on several convictions, ran all the individual sentences concurrently on each docket, and sentenced Ortiz to a shorter term than the Commonwealth's recommended total of twenty to forty years. *See* Trial Court Opinion, 6/18/2024, at 16; N.T., 6/3/2022, at 48-49, 53-57.

Further, as the trial court noted in its opinion, Ortiz faced a statutory limit of forty years of incarceration each on six of his convictions (two counts of rape of a child, two counts of IDSI with a child, and two counts of unlawful contact with a minor). Trial Court Opinion, 6/18/2024, at 15 (citing 18 Pa.C.S. §§ 3121(e)(1), 3123(d)(1), 6318(b)(1)). Additionally, at the relevant guilty plea hearing, the trial court informed Ortiz that he could be sentenced to a maximum penalty of 248 years of incarceration. *See* N.T., 2/19/2021, at 7-8 (109 years on sexual assault docket 1; 139 years on sexual assault docket 2). We therefore discern no abuse of discretion in the trial court's decision to impose the sentences on sexual assault dockets 1 and 2 consecutively to each other, for a total term of ten to thirty years of incarceration. *See Radecki*, 180 A.3d at 470; *Cook*, 941 A.2d at 12. Accordingly, Ortiz's discretionary sentencing claim is without merit.

**Withdrawal of Guilty Pleas**

In his second issue, Ortiz argues that the trial court abused its discretion when it denied his presentence motions to withdraw his guilty pleas on the three dockets. Ortiz's Brief at 26. According to Ortiz, he "provided multiple fair and just reasons" to withdraw his pleas; in particular, his assertion of innocence and his claims that the search of his cell phone and statement he gave to police were improper. *Id.* at 28. As to his claim of innocence, he does "not necessarily" dispute that the sexual encounters with the complainants occurred, but "questions the criminal intent elements of the

crimes." *Id.* He also asserts that he wanted to contest the constitutionality of the search of his phone and move to suppress the videos of his sexual encounters with the complainants. *Id.* at 29-30. He further contends that he gave his statement to police while he was under the influence and wanted to seek suppression. *Id.* at 28-29. Finally, he argues that his counsel advised him he had "no other choice" but to plead guilty, but his motions to withdraw his guilty pleas were meritorious, and therefore, his guilty pleas could not have been entered into knowingly, voluntarily, and intelligently. *Id.* at 31.

We review the trial court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *Commonwealth v. Jamison*, 284 A.3d 501, 504 (Pa. Super. 2022) (citations omitted). Our Supreme Court has summarized the abuse-of-discretion standard as follows:

> When a trial court comes to a conclusion through the exercise of its discretion, there is a heavy burden on the appellant to show that this discretion has been abused. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power. An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the trial court has reached a conclusion which overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. Absent an abuse of that discretion, an appellate court should not disturb a trial court's ruling.

*Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019) (citations, brackets, and quotation marks omitted).

As our Supreme Court has made clear, "there is no absolute right to withdraw a guilty plea[.]" ***Commonwealth v. Carrasquillo***, 115 A.3d 1284, 1291 (Pa. 2015) (citation and footnote omitted). "Where a defendant requests to withdraw his guilty plea before he is sentenced, the trial court has discretion to grant the withdrawal[.]" ***Jamison***, 284 A.3d at 505 (citations omitted); ***see also*** Pa.R.Crim.P. 591(A) ("At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, sua sponte, the withdrawal of a plea of guilty or nolo contendere and the substitution of a plea of not guilty."). Although "such discretion is to be administered liberally in favor of the accused," this policy "has its limits, consistent with the affordance of a degree of discretion to the common pleas courts." ***Carrasquillo***, 115 A.3d at 1292.

A "bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant" a presentence request to withdraw a guilty plea. ***Id.*** at 1285. Rather, "a defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea." ***Id.*** at 1292. Our Supreme Court outlined "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." ***Id.***

Instantly, after Ortiz pleaded guilty on the three dockets, the parties appeared on June 7, 2021, for a hearing that was originally listed for

sentencing. In its opinion, the trial court recounted what occurred at the hearing:

Ortiz's counsel represented that Ortiz had requested to withdraw his guilty pleas. N.T. 6/7/2021, at 4-5.

Ortiz told th[e trial] court that he felt he was not getting "the full help" needed from counsel for the defense of his case. *Id.* at 6. Ortiz agreed, however, that he had discussed pleading guilty with his counsel. *Id.* at 7. Ortiz expressed his concern that one of his codefendants in his aggravated assault case had received a sentence of six (6) years of probation, which he submitted was "way lower" than the negotiated sentence Ortiz was set to receive. *Id.* at 7-8. Ortiz's counsel explained his rationale for why he advised Ortiz to accept the negotiated plea deal for his aggravated assault case. *Id.* at 9-10. Ortiz's counsel also stated that he did not see a viable defense to the lead charges on Oritz's rape of a child cases, particularly given the cell phone records, text messages, witnesses, and videos from Ortiz's cell phone that the Commonwealth was prepared to present. *Id.* at 9-10.

Ortiz then expressed his belief that the video evidence could have been suppressed, claiming that "an individual officer … saw the video before the search warrant was involved." *Id.* at 10-11. The Commonwealth argued that th[e trial] court would likely have denied a motion to suppress the video evidence as Ortiz's own mother had submitted the video evidence to law enforcement. *Id.* at 11. Ortiz's counsel agreed and stated that he thought a suppression motion would have been frivolous. *Id.* Ortiz's counsel also indicated that he had received questions from Ortiz about whether the complainants had consented and explained to him that they did not have the ability to consent based on their ages. *Id.* at 11-13.

Ortiz then claimed that a police officer had taken the cell phone away from [his mother] and "started looking at the phone while it was unlocked." *Id.* at 13. Ortiz also said that he had not reviewed discovery with his counsel. *Id.* at 13-14. Ortiz's counsel indicated that was "not true" and explained that he had had multiple conferences with Ortiz in which they went over discovery together. *Id.* at 14-15. Ortiz's counsel also emphasized that Ortiz testified during his plea colloquies that he had reviewed the facts

- 19 -

of the case with counsel and was satisfied with his representation. *Id.* Ortiz then stated he was intoxicated during the plea colloquies because of his [S]uboxone usage. *Id.* at 16-17. Th[e trial] court found that Ortiz was lying and trying to delay proceedings, but nonetheless allowed Ortiz's counsel to withdraw and gave Ortiz an opportunity to retain new counsel before resolving Ortiz's request to withdraw his pleas. *Id.* at 17-20.

Trial Court Opinion, 6/18/2024, at 19-20 (party designation altered; unnecessary capitalization omitted).

As noted above, when Ortiz did not retain private counsel, the trial court appointed new counsel, Attorney Goodman, who subsequently filed identical motions to withdraw Ortiz's guilty pleas on all three dockets. Attorney Goodman's filings expressly stated that they were filed on Ortiz's behalf and against his advice. Motion to Withdraw Guilty Plea, 10/7/2021, at 1. The full extent of the motions is as follows:

1.  Petitioner was arrested on or about October 22, 2019. On or about February 19, 2021, petitioner entered into an open guilty plea.

2.  Petitioner moved for a new attorney after refusing to proceed to sentencing.

3.  Undersigned counsel was appointed on 7/13/2021[,] discovery was passed by the government on or about August 30, 2021, minus the child pornography [videos]. A review of the contraband child pornography [videos] occurred at the DAO in the week prior to the September 13, 2021 listing.

4.  On September 13, 2021, petitioner indicated that he and his family had decided[,] contrary to undersigned counsel's advice, to proceed to trial.

*Id.* at 1-2.

- 20 -

The Commonwealth filed a response in opposition on all dockets, relying on *Carrasquillo* to argue that Oritz should not be permitted to withdraw his pleas where he did not provide a reason, let alone meet his burden of providing a fair and just reason for doing so. Commonwealth's Response to Defendant's Motion to Withdraw Guilty Plea, 11/22/2021, at 1-2. The Commonwealth additionally detailed the record of Ortiz's plea colloquies and written guilty plea forms to establish that they were entered knowingly, intelligently, and voluntarily. *Id.* at 2-3.

At the June 3, 2022 hearing, the trial court addressed Ortiz's motions to withdraw his guilty pleas. The trial court recounted what happened during the relevant portion of the hearing:

> [T]he Commonwealth stated that that the law did not permit the withdrawal of guilty pleas based off "bare assertion[s] of innocence" and argued that Ortiz had failed to meet his burden of presenting a "fair and just reason to withdraw." N.T. 6/3/2022, at 10. The Commonwealth noted that Ortiz's motion for withdrawing his guilty plea was devoid of any assertions of innocence and argued that Ortiz was, in effect, attempting to withdraw his guilty pleas for "no reason." *Id.* at 16.
>
> The Commonwealth attested that it was prepared to present at trial ample evidence implicating Ortiz in both of his rape cases. *Id.* at 17. Specifically, the Commonwealth highlighted that it had video evidence from Ortiz's cell phone showing Ortiz engaging in sexual acts with both complaining witnesses who were twelve (12) years old or under at the time, both complainants and their parents ready to testify and confirm the authenticity of the video evidence, and a statement from Ortiz to [the] Special Victims [Unit] in which he admitted to engaging in the sexual acts. *Id.* at 11-15. Additionally, the Commonwealth indicated that Ortiz's decision to plead guilty had given the complainants closure and that allowing Ortiz to withdraw his plea would present a "huge

- 21 -

handicap" to the Commonwealth and potentially retraumatize the complainants. *Id.* at 17-18.

Ortiz was then given an opportunity to address th[e trial] court and explain his reasons for why he wished to withdraw his guilty pleas. Ortiz disputed the legality of police accessing the cell phone that the video evidence was recovered from, stating that police "had no authorization" because the phone was under his possession, under his name, and his mother had no right to enter it. *Id.* at 18-19. Ortiz's counsel subsequently addressed Ortiz's contentions regarding this issue and stated:

> In the statement that is signed by this individual, who purports to be Jasmine Ortiz[, Ortiz's mother], she references having shared a phone and having access to a phone, having the password [to] the phone with her son, and looking in the phone and seeing videos, and recognizing one of [the] girls in the video as someone that the police had showed her a picture of. And that's where the phone comes into play. The mother is the one that brings … the phone to the attention of police.

*Id.* at 21-22.[14] Ortiz's counsel stated that he did not "feel comfortable" certifying a motion to suppress evidence that a civilian had shown to the police, leading police to then seek a warrant. *Id.* at 22-23. Th[e trial] court concurred with counsel's assessment, finding that there had not been "state action or police action" because Ortiz's mother was not a police officer, nor was she acting on behalf of the state. *Id.* at 23.

Ortiz next claimed that he did not know the true ages of the victims. *Id.* at 19. Th[e trial] court explained to Ortiz that it was irrelevant whether he did or did know their ages, as they were twelve (12) years old or younger. *Id.* at 19. The Commonwealth stated earlier during the hearing that mistake of age was not a valid defense under the law because of the age of the

_____

[14] The record reflects that Ortiz's counsel did not, in fact, make this statement to "address[] Ortiz's contentions" concerning the lawfulness of police accessing the contents of his cell phone, but instead did so in response to the trial court's request for information concerning the confiscation of the phone. *See* N.T., 6/3/2022, at 21-22.

complainants. *Id.* at 13. Th[e trial] court then asked Ortiz whether the videos recovered from his cell phone matched what the Commonwealth's representations that they showed Ortiz engaging in sexual acts with two (2) girls twelve (12) years old or younger. *Id.* at 20. Ortiz first conferred with counsel and then refused to answer the question. *Id.*

Ortiz then challenged the admissibility of the statement he gave to [the] Special Victims [Unit], claiming that he had been questioned in a separate room with no cameras and that he had not been given his *Miranda*[15] rights. *Id.* at 24-25. Ortiz's counsel stated the statement was, in fact, recorded, and that there was video that showed Ortiz signing a form waiving his *Miranda* rights and permitting detectives to record his formal statement. *Id.* at 25. Ortiz then stated he was intoxicated when giving the statement and, finally, told th[e trial] court that he was "not guilty." *Id.* at 25-26. Th[e trial] court found Ortiz's claim that he was intoxicated at the time he signed [the *Miranda*] form and gave his statement unavailing and reasoned that his counsel would have filed the appropriate motion if there were a basis for doing so. *Id.* at 26.

Accordingly, th[e trial] court concluded that there was no basis for Ortiz's motion to withdraw his guilty pleas. Th[e trial] court noted that Ortiz had not claimed that he was "actually innocent" and subsequently reviewed the detailed plea colloquies it conducted with Ortiz on February 19, 2021, and March 5, 2021, in which Ortiz agreed that he understood everything, stated that he was pleading guilty of his own free will, and admitted to the facts read out by the Commonwealth. *Id.* at 26-31. Th[e trial] court thus concluded that Ortiz had demonstrated no legitimate basis to show that he was entitled to withdraw his guilty pleas and, accordingly, denied [Ortiz's] motion[s] to withdraw his guilty pleas. *Id.* at 25-26, 31.

Trial Court Opinion, 6/18/2024, at 21-23 (party designation altered; unnecessary capitalization omitted).

_____

[15] *Miranda v. Arizona*, 384 U.S. 436 (1966).

In its opinion before this Court, the trial court addressed Ortiz's claim that the cell phone video evidence was illegally obtained:

Ortiz contended in the hearing on June 3, 2022, that his mother was the one who discovered the evidence on Ortiz's phone and turned it in to the police, but that she lacked authorization to use the phone because it was in Ortiz's possession and under his name. As the contested conduct produced no constitutional violation, Ortiz's first assertion lacks merit and does not constitute a plausible demonstration that permitting a plea withdrawal would promote fairness and justice.

*Id.* at 23-24 (party designation altered) (citing *Commonwealth v. Yim*, 195 A.3d 922, 927 (Pa. Super. 2018) (stating "the proscriptions of the Fourth Amendment and Article I, § 8, do not apply to searches and seizures conducted by private individuals") (citation omitted); *Commonwealth v. Faurelus*, 147 A.3d 905, 909 (Pa. Super. 2016) (same)).

Next, the trial court "found Ortiz's unsubstantiated claim that he was intoxicated during the interrogation unpersuasive[.]" *Id.* at 26. The trial court further found that even if the court excluded his statement, it would not have resulted in his acquittal because of the existence of the recorded footage of him engaging in sex acts with the underage complainants. *Id.*

Finally, the trial court addressed Ortiz's claim of innocence as follows:

Oritz has … failed to offer a fair and just reason which requires th[e trial] court to permit withdrawal of his pleas. Ortiz only offered a bald assertion of innocence in stating he was "not guilty" when asked by th[e trial] court whether he was claiming actual innocence. At the very first opportunity he was given to explain why he wished to withdraw his guilty pleas, Ortiz made no claim of innocence and instead raised issues with the performance of his counsel and expressed displeasure that a codefendant had

- 24 -

received a lighter sentence than he was set to receive pursuant to his negotiated plea.

Moreover, Ortiz was given an opportunity to contest the authenticity of purported video evidence showing him engaging in sexual acts with two (2) children aged twelve (12) or younger but declined to do so. Ortiz even attempted to claim that he was mistaken as to the age of these children, thereby effectively admitting that he had, in fact, engaged with sexual acts with them.

*Id.* at 27-28 (party designation altered; unnecessary capitalization omitted).

Accordingly, the trial court "found that Ortiz's attempts to withdraw his guilty pleas merely constituted an attempt to play "fast and loose" with the guilty plea process." *Id.* at 28 (citation omitted). It concluded that Ortiz "only presented a bald assertion of innocence in stating that he was 'not guilty'" and "failed to present any plausible demonstration that there was a fair and just reason which entitled him to presentence withdrawal of his pleas" or "make a colorable demonstration that permitting withdrawal of his pleas would promote fairness and justice." *Id.* at 23.

We discern no abuse of discretion on the part of the trial court. The record plainly supports its conclusion that Ortiz presented insufficient reasons to require it to grant his requests to withdraw his guilty pleas. *See Norton*, 201 A.3d at 122 (finding the defendant's reasons for withdrawing his plea— "(1) he is innocent; (2) he cannot live with himself for taking a plea; and (3) he wants to test the Commonwealth's evidence at trial"—were insufficient); *Carrasquillo*, 115 A.3d at 1285. From the June 7, 2021 hearing, where Ortiz first stated to the trial court his desire to withdraw his guilty pleas, through

the June 3, 2022 hearing on his motions to withdraw them, the record is devoid of any assertion of his actual innocence. Additionally, as the trial court correctly found, mistake of age is not a defense and the complainants could not consent to any sexual encounters with Ortiz because of their ages. *See* 18 Pa.C.S. § 3102 (limiting mistake of age defense); *Commonwealth v. Hacker*, 15 A.3d 333, 336 (Pa. 2011) (stating mens rea was immaterial to age element of rape of a child under thirteen as the General Assembly expressly barred any mistake of age defense). Moreover, when given the opportunity to assert his innocence and dispute the authenticity of the video evidence, he declined. *See* N.T., 6/3/2022, at 20-21.

Further, the record shows that Ortiz has known about law enforcement's recovery of the cell phone video evidence since his arrest in 2019, which was well over one year before he entered his guilty pleas in February and March 2021. *See* Criminal Complaint 10/23/2019, at Supplemental Page (sexual assault docket 2) ("The Defendant video-taped the encounters and allowed a 12 year old victim, D.K., to watch."); Affidavit of Probable Cause, 10/19/2019, ¶ 2 (sexual assault docket 2) ("On 08/28/2019, the offender's mother was interviewed, who stated that she gave police the offender's phone where he had videos of him having sexual intercourse with the complainant."); *see also* Commonwealth's Motion to Consolidate Cases (sexual assault dockets 1 and 2), 6/30/2020, ¶ 9 ("[T]he Defendant used his phone to film the sexual acts – having both D.K. and K.W. taking turns filming him with the other. Law

enforcement officials later recovered these videos from the Defendant's cell-phone."). In addition, the record confirms that Ortiz's mother provided the police with Ortiz's phone, and as the trial court correctly stated, the federal and state constitutions are inapplicable to searches and seizures conducted by private individuals, such his mother. *See* Affidavit of Probable Cause, 10/19/2019, ¶ 2 (sexual assault docket 2); *Yim*, 195 A.3d at 927.

As to Ortiz's claim that he was intoxicated during his police interrogation, the trial court reasonably found it unsubstantiated. *See* Trial Court Opinion, 6/18/2024, at 26. Regardless, Ortiz's claim concerning his police statement did nothing to support his claim of innocence and merely showed his desire to "test" the Commonwealth's evidence. As our Supreme Court held in *Norton*, this constitutes a "non-substantive" claim of innocence and is insufficient to permit a defendant to withdraw a plea:

> Generally speaking, trials are always proceedings in which the parties test each other's evidence, and [Norton's] belated wish for a trial fails to bolster his claim of innocence, particularly in light of the fact that any vulnerability in the Commonwealth's evidence, specifically [the complainant's] testimony, was well known to [Norton] prior to him entering his plea. In other words, for all intents and purposes, the reality is that [Norton] solely asserted his innocence in an attempt to withdraw his plea presence.

*Norton*, 201 A.3d at 121-22.

Lastly, we find no merit to Ortiz's assertion that he entered his guilty pleas unknowingly and involuntarily. *See* Ortiz's Brief at 31.

> A guilty plea may be withdrawn, regardless of when the plea was entered or the motion to withdraw was filed, if the defendant shows that the plea was not voluntary and knowing. To establish

that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and that the defendant understands the nature of the charge to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charge to which he is pleading guilty, and the court's power to reject terms of a plea agreement. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination. A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea.

*Jamison*, 284 A.3d at 506 (citations omitted).

The record here establishes that Ortiz's guilty pleas were entered knowingly and voluntarily. He engaged in both written[16] and oral colloquies, setting forth the factual bases of the pleas; was fully advised of the crimes to which he was pleading guilty and the potential sentences he could receive, his right to a jury trial, the presumption of innocence, and the trial court's power to reject the plea agreements; and Ortiz confirmed his understanding. *See* N.T., 3/5/2021, at 3-5, 7-8, 11-13; 2/19/2021, at 5-7, 10-11; Written Guilty

_____

[16] We are unable to locate the written guilty plea colloquy on sexual assault docket 2 in the record. We note, however, that the record reflects that the trial court had in its possession written colloquies for both sexual assault docket 1 and 2 and that Ortiz entered his plea on both dockets in the same proceeding. *See* N.T., 3/5/2021, at 4 (Ortiz responding in the affirmative when the trial court stated: "I have two written guilty plea colloquy forms. I see that you signed the bottom of [] Page 3 of both of these. Did you do that after you went through both of these written guilty plea colloquy forms with your attorney, Mr. Coleman?").

Plea Colloquy, 2/19/2021 (aggravated assault docket); Written Guilty Plea Colloquy, 3/5/2021 (sexual assault docket 1).

On all three dockets, Ortiz indicated he had mental health diagnoses and was taking medications for them, but confirmed they did not affect his ability to understand the trial court or communicate with his attorney. N.T., 3/5/2021, at 10-11; N.T., 2/19/2021, at 8-9. On sexual assault dockets 1 and 2, Ortiz indicated during his guilty plea colloquies that he was under the influence of Suboxone but confirmed it did not affect his ability to understand the trial court or communicate with his attorney. N.T., 3/5/2021, at 10. Further, the trial court, who had the opportunity to observe Ortiz's demeanor spanning multiple hearings, found that that he was lying when he later stated to the court during a hearing several months later that he was intoxicated during those guilty plea colloquies. *See* N.T., 6/7/2021, at 16-20. This Court is bound by the trial court's credibility determination. *See Jamison*, 284 A.3d at 508 (citations omitted). Finally, Ortiz confirmed that he was pleading of his own free will and no one had promised him anything or forced or threatened him to plead guilty. N.T., 3/5/2021, at 8; N.T., 2/19/2021, at 7.

None of Ortiz's issues merit relief. We therefore affirm his judgments of sentence.

Judgments of sentence affirmed.

- 29 -

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/4/2025</u>